87   195
91   236

87   195
111   348

87   195
e114   17

CASE 87—PETITION EQUITY—MAY 1.

# Commonwealth for use, &c., v. Netherland's Adm'r.

APPEAL FROM TAYLOR CIRCUIT COURT.

1. GUARDIAN AND WARD—LIABILITY OF COUNTY JUDGE.—If the county judge fails to take from a guardian a covenant, *with surety*, for the faithful performance of his duties, he is liable to the ward for any damage resulting therefrom; and while he is only required to exercise *reasonable diligence* in ascertaining whether or not the sureties are *sufficient*, he must *know* that surety has been taken. Therefore, if the name of the proposed surety is signed by another for him, the county judge

must know, at his peril, that the signing was authorized by the pro-
posed surety in such a way as to bind him.

In this case the name of the person proposed as surety was signed
by the guardian, who represented that he had the verbal authority of
the proposed surety to sign for him. In an action on the bond the
plea of *non est factum* was successfully interposed by the surety. In
this action by the ward against the county judge, *Held*—That the
defendant is liable.

2. LIMITATION.—This action having been brought by the plaintiff within
one year after he arrived at age, he is within the saving of the stat-
ute.

3. DECEDENTS' ESTATES—INJUNCTION.—The fact that an injunction had
been issued against creditors in an action pending to settle the estate
of the defendant's intestate, did not prevent the plaintiff from bring-
ing this action to settle his rights.

SAMUEL AVERITT FOR APPELLANT.

A county judge is liable on his official bond for failure to use reasonable
care and diligence in ascertaining whether the surety offered on a
guardian's bond is solvent, or for failure to take security. (Colter v.
McIntire, 11 Bush, 565; Revised Statutes, art. 1, chap. 43, sec. 4.)

R. S. MONTAGUE FOR APPELLEE.

1. The act of the county judge in accepting surety on the guardian's bond
was judicial, and if he acted in good faith his sureties are not liable for
mere negligence on his part. (Revill, &c., v. Pettitt, 3 Met., 314;
Ayars, &c., v. Cox, 10 Bush, 203.)

2. A demand accompanied by affidavit and proof of the justice of the
claim was necessary to a recovery against the personal representative
(Thomas v. Thomas, 15 B. M., 184; Rogers v. Mitchell, 1 Met., 24.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

On the fifth day of December, 1870, F. A. Nether-
land, as the presiding judge of the Taylor County
Court, permitted D. S. Mitchell, on his own motion,
to qualify as the guardian of the appellant, Samuel
A. Morris, an infant. D. S. Mitchell signed his own
name to the bond that was required by the statute,
and F. A. Netherland permitted him to sign the name
of R. E. Jeter to said bond as surety, upon his state-

ment that he had the verbal authority of Jeter to sign his name to said bond as surety.

Afterwards, Mitchell becoming insolvent, he was removed as guardian of the appellant, Morris, and another guardian was appointed in his stead. This guardian instituted an action on Mitchell's bond as guardian, for the purpose of recovering the sum in his hands belonging to the appellant, Morris. To this action R. E. Jeter interposed the plea of *non est factum*, which was sustained by the circuit court; and this court, upon appeal, affirmed the judgment of the circuit court.

The appellant, Morris, having arrived at twenty-one years of age, being unable to make his money out of Mitchell, he seeks, by this action, to make the estate of F. A. Netherland, he having died, responsible for the money that went into the hands of D. S. Mitchell as his guardian. The circuit court having dismissed his petition, he has appealed to this court.

The proof is clear that D. S. Mitchell signed the name of R. E. Jeter to said bond without his authority ; and that Jeter did not thereafter ratify the act.

As the bond was executed prior to the adoption of the General Statutes, the question of F. A. Netherland's liability must be tested by the Revised Statutes, then in force.

Section 3, article 1, chapter 43, of said statutes, provided : "No guardian, except a testamentary one for nurture and education, can act until he has been appointed by the proper county court and given covenant, with good security, approved by the court, to the Commonwealth, faithfully to discharge the trust of guardian."

Section 4 provided: "If the court fails to take such covenant, or accept such person or persons for surety as do not satisfy it of their sufficiency, the judges present, and so in default, shall be jointly and severally liable to the ward for any damage he may sustain thereby."

By the third section *supra* it was made the absolute duty of the court to take covenant, with good security, from the guardian. The fourth section fixed the judge's liability for a failure to take such covenant. By the first clause of said section the judge was made liable for any damage that the ward might sustain by his failure to take a covenant with one or more sureties from the guardian. If he took a covenant without security, he would be liable for the damage resulting therefrom to the ward; because the third section was mandatory that he should take such covenant, and the first clause of the fourth section made him liable for the damage that the ward sustained by reason of the violation of the mandate; whereas, the second clause of said section only required the judge to satisfy himself that the surety was sufficient. To thus satisfy himself, it was incumbent on him to use reasonable diligence in ascertaining whether the surety was sufficient; and if, after such diligence, he was satisfied that the surety was sufficient, he would not be liable in damages to the ward for an error of judgment.

But the first clause made the judge liable to the ward if he failed to take a covenant with surety from the guardian; the simple failure to take surety was made sufficient to hold the judge liable for any dam-

age that the ward might sustain by reason of such failure. Under the second clause he could be heard to excuse himself for taking insufficient sureties, upon the ground that he, after exercising reasonable diligence, satisfied himself that the sureties were sufficient; because it would be unreasonable to require him to ascertain the fact as to the sufficiency of the sureties with absolute certainty. Hence said clause required him to exercise reasonable diligence only. But requiring him to know that surety to the covenant was actually taken was not unreasonable, for the reason that he could do so with absolute certainty; for he could require the surety to sign the covenant in person and in his presence; or he could require the surety to authorize the signing of his name by a written power of attorney, authenticated in such manner as to leave no doubt of its authenticity. This could be done without any material inconvenience to the guardian, surety or judge. Hence, the first clause required that the judge should know that surety was taken; and for a failure to take such surety he was made liable to the ward for any damage that he sustained thereby.

Therefore, as F. A. Netherland, the county judge, allowed Mitchell to qualify as guardian of the appellant, Morris, without surety, he became liable to the latter for the damage he sustained by reason thereof.

Besides, Netherland was guilty of gross negligence in receiving the name of Jeter upon the bond, upon the assurance of Mitchell that he had Jeter's verbal authority to sign it. For it was the duty of the judge to satisfy himself that the surety was sufficient to secure the payment of the money that went into the guard-

ian's hands. The joint ability of the guardian and surety was not sufficient; but the ability of the surety was required to be sufficient to secure the faithful performance of the guardian's trust. If Netherland had been acting as agent to loan to Mitchell the money of his principal, with instructions to take such surety as was sufficient to secure the payment of the money, leaving out of view the ability of Mitchell, and he had loaned Mitchell the money upon the faith of the name of Jeter signed to the note by Mitchell, upon the latter's assurance that he had Jeter's verbal authority to sign his name to the note, but in fact no such authority was given, would it not be conceded, at first blush, that Netherland had been grossly negligent? We think so.

The two cases are parallel, and it is clear that, upon the ground of negligence, Netherland's estate is liable.

The appellant brought his action within a year after his arrival at age. Therefore, he is within the saving of the statute.

We think the lower court did right in refusing to dismiss the case on the ground of a want of affidavit and demand.

The fact that an injunction was issued against creditors in the case pending to settle Netherland's estate, did not prevent the appellant from bringing this action to settle his rights.

The judgment of the lower court is reversed, with directions to reinstate the case, and to ascertain the amount of F. A. Netherland's liability, and to render judgment for the same.