# Wilson, Receiver, &c., v. Linville, &c.

APPEAL FROM MASON CIRCUIT COURT.

1. Verbal Authority to Sign Surety's Name.—One whose name was signed as surety to a sheriff's county levy bond by another for him by his verbal authority is not bound, although the signing was done in his presence in open court; as a thing done in the presence of the one directing it is no less the act of an agent for his principal, than if the act were done in the absence of the principal and by his previous direction.

2. One Surety not Being Bound Others Released.—One of several sureties in a sheriff's county levy bond not being bound because his name was signed by another for him without his written authority, the other sureties are released, as they had the right to rely upon the county judge who took the bond, to see that the name of each surety was signed in such a way as to bind him. And although the other sureties may have heard the verbal authority given by their co-surety to sign his name, they had the right to presume that whatever additional authority the law required had been procured and was in the custody of the officer taking the bond.

WHITAKER & ROBERTSON, ROSS & OWENS, J. J. OSBORNE AND HANSON KENNEDY for appellant.

1. Co-sureties, who were present at the signing of the name of another surety by an agent without written authority, are charged with knowledge of the illegal signing, and are bound by their signatures. (Chamberlain & Tapp v. Brewer, 3 Bush, 562; Fletcher, &c., v Leight, Barrett & Co., 4 Bush, 303; Seely v. The People, 27 Ill Rep.; Terry & Bell v. Hazelwood, 1 Duvall, 104; Hall v. Smith, 14 Bush, 604; Cutter v. Roberts, 29 Am. Reports, 371; Nash v. Fugate, 18 Am. Reports, 640; State v. Porter, 21 Am. Reports, 440; Bracken Co. v. Daum, 80 Ky, 388; Johnson v. Weathermore, 9 Kans., 75; Brandt on Suretyship and Guaranty, vol. 2, secs. 411 and 412; English v. Dycus, 9 Ky. Law Rep., 188; Grayson Co. Court v. Morrison, 10 Ky. Law Rep., 240; Marion's Adm'x v. Brewer, 13 Ky. Law Rep., 832.)

2. The County Judge may sign the orders of the court accepting the county levy bond at a term subsequent to that at which they were entered. The order may be entered *nunc pro tunc*. (Gay v. Caldwell, Hardin, 68; Boyle v. Connelly, 2 Bibb, 7; Raymond v. Smith, 1 Met., 65; Gen. Stat. chap. 28, art. 17, secs. 1 to 11; Acts 1891-2-3, art. 4, sec. 40, p 1052; Anderson's Law Dictionary, pp. 863, 864 and

Wilson, Receiver, &c., v. Linville, &c.

719; Am. and Eng. Enc. of Law, vol. 2, pp. 507, 510 and 511, vol. 20, p. 526, vol. 4, p. 384; Roberts v. Holmes, 54 N. H., 560; Taft v. Barrett, 58 N. H., 449; Freeman on Judgments, secs, 56, 57, 61, 66, 67, 71; Ninde v. Clarke, 4 Am. State Rep., 829; Belkins v. Rhodes, 76 Mo., 643; State v. McAlpin, 4 Ired. Law, 203; Leonard v. Brough-ton, 16 Am. State Rep , 347; Graham v. Lynn, 4 B. M., 18; Chichester v. Cande, 15 Am. Dec., 238; Davis v. Shauer, 91 Am. Dec., 92.)

3. The records of a court can not be collaterally questioned by parol proof. (Bennett v. Tierney, 78 Ky., 584; Commonwealth v Yar-brough, 84 Ky., 496; Black on Judgments, vol. 1, secs. 106 and 245; 12 Am. and Eng Enc. of Law, 274; Jacobs' Adm'r v. L. & N. R. Co., 10 Bush, 268; Gen. Stat., chap. 28, art. 17, secs. 6 and 7.)

4. The appellee T. G. Linville, having made his mark to his name as signed by another, he should be bound by it. (Gen. Stat., chap. 22, sec. 20, p. 308; Civil Code, sec. 732, sub-sec 7; Am. and Eng. Enc. of Law, vol. 22 p. 781; 2 Greenleaf on Evidence, sec. 674; Baker v. Denning, 8 Add. and Ell., 94; Zacharie v. Franklin, 12 Peters, 161.)

COCHRAN & SONS AND WINFIELD BUCKLER FOR APPELLEE.

1. A bond signed by sureties is not binding where the order of the county court accepting the bond was not signed by the judge until a suc-ceeding term of office, and after the said failure to sign was pleaded as a defense. The judge at a succeeding term has no jurisdiction of the case. (12 Am. and Eng. Enc. of Law, 71; Commonwealth v. Williams, 14 Bush, 297; Bracken Co. Com. v. Daum, 80 Ky., 388; Commonwealth v. Yarbrough, 84 Ky., 496; Maynard v. Common-wealth, 80 Ky., 587; Mechem on Public Officers, sec. 396; Connolly v. Ashworth, 33 Pac , 60; Broder v. Conklin, 83 Pac , 211; Gard-ner's Adm'r v. McKinney. &c , 4 Ky. Law Rep., 260; English v. Dycus, 9 Ky. Law Rep.; 8 Ky. Law Rep , 331.)

2. This case does not come within the principle of any of the cases allow-ing the entry of *nunc pro tunc* judgments. (Freeman on Judg-ments, secs. 61–68; Black on Judgments, vol. 1, sec. 132; 12 Am. and Eng. Enc. of Law, 80; Dawson v. Lee, 83 Ky., 49; Kimble v. Cum-mins, 3 Met., 327 )

3 The signature of a surety by an agent without written authority is not binding. (Hopson v. Harrell, 13 Ky. Law Rep ; 92; Meazels v. Martin, 13 Ky. Law Rep , 958; Gen. Stat., p. 308, chap. 22, sec. 20.) The absence of written authority is not remedied by the fact that the subscription by the agent of the principal's name was in his presence. (Billington v. Commonwealth, 79 Ky., 400; Simpson v. Commonwealth, 89 Ky., 412; Dickson v Luman, 20 S. W , 1038.)

4. One surety being released by reason of his name having been signed without written authority, the co-sureties are also released. (English v. Dycus, 9 Ky. Law Rep., 188; 8 Ky. Law Rep., 331.)

Wilson, Receiver, &c., v. Linville, &c.

The sureties may rely upon the county judge to see that the bond
is properly signed by each surety. (Chamberlain v. Brewer, 3 Bush,
561; Fletcher v. Leight, 4 Bush, 309; Grayson Co. Court v. Morris-
on, 10 Ky. Law Rep., 240; Marion's Adm'x v. Brewer, 13 Ky. Law
Rep., 832; E. K. R. Co. v. Whittington's Adm'r, 13 Ky. Law Rep.,
47 )

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The county levy bond of Geo. L. Linville, sheriff
of Robertson county, for the year 1890, was executed
in the county court on December 16, 1889, in the fol-
lowing manner:

Geo. L., the principal, signed his own name, and
also at his instance and in his presence, the name of
Peter Linville as surety. Neal Ballengal, another
surety, signed his own name. The name of Thomas
G. Linville, the last of the sureties, was subscribed
to the bond by the clerk, Jett, at the instance and
request of Thomas G., who then made his mark fol-
lowing the middle letter "G." of his name. Follow-
ing all the signatures and to the left, the clerk wrote
the words: "Attest: M. B. Jett, Clerk Robertson
County Court."

At the time of this transaction, an order was made
in court approving and accepting the bond, but this
order was not signed by the county judge until some
three years later, when, in pursuance of a *nunc pro
tunc* order to that effect, it was signed by the same
person who was on the bench when the order of ac-
ceptance and approval was made, but who was then
holding a different term of the office of county judge.

The admitted and undischarged liability of the
sheriff on the bond in question is some thirty-six
hundred dollars, and to prevent recovery against

them in this action by the appellant, Wilson, Receiver, &c., the sureties make various defenses:

1. Peter Linville says that his name was subscribed as such surety by Geo. L. without written authority so to do.

2. Ballengal and Thomas G. Linville plead the same thing and say that this fact relieves them, as the actual as well as implied contract was that they were to be co-sureties with Peter.

3. Thomas G. also pleads that his name was subscribed by Jett, as his agent, without written authority to do so; and lastly, all the sureties rely on the failure of the county judge to sign the order approving the bond as set forth above.

We notice first the contention of Peter Linville that he is not bound on the bond by reason of the manner in which his name was signed. It is insisted for the county that as Peter was present in open court, and made the request of George L. to sign his name, it was his own act of signing, and not that of an agent. It seems to us that this exact point has been settled otherwise by this court.   In Billington v. Commonwealth, 79 Ky., 400, the appellant's name, by his direction, was subscribed to a bail bond by an attorney at law in the presence of the judge taking the bond, and the Commonwealth contended that this act should be construed to be the act of the appellant, and not that of his agent.   This court said: ''Why a thing done in the presence of the one directing it is any the less an act of an agent for his principal than if the act was done in the absence of the principal, and by his previous direction, is difficult to conceive.   In

either, case, the thing done is but the performance of a physical act, which is in conformity to the will of the principal, and in all such cases the law seems to contemplate that the will of this principal shall not be made binding upon him unless it be expressed in writing."

To the same effect are the cases of Simpson v. Commonwealth, 89 Ky., 412; Ragan v. Chenault, 78 Ky., 546; Dickson's Adm'r v. Luman, 93 Ky. 614.

Peter Linville being released, we are next to determine what effect, if any, this has on the liability of the co-sureties; and this question also we find substantially determined by this court. In English v. Dycus, &c., 9 Ky. L. R., 188, the county judge accepted the bond of the sheriff when two of the sureties had not, in fact, signed the bond or authorized, by a writing, any one else to sign it, and did so on the idea that a mere verbal authority from the surety to sign his name was sufficient. The other sureties were held to be released, the court saying: "It is the duty of the county judge to see that the bonds are executed properly. They are to be approved by him, and each surety has the right to rely on his vigilance to the extent at least of his knowing that the signatures of their co-sureties are genuine, so as to create an obligation to pay in the event the principal is in default."

The duty of the judge to see that each surety is bound on the bond is due primarily to the county, but he owes it as well to those whose signatures to the bond make them co-sureties. The nature of the contract undertaken by each surety in this case is,

that he is to be bound as co-surety along with the others signing the bond. The judge appears to have acted on the mistaken belief that the verbal direction, given in open court by the surety, Peter Linville, was sufficient; still his duty remained to so take the bond as to create an obligation on each surety to pay in the event the principal was in default.

But it is insisted that the other sureties were present and heard Peter Linville give the direction to Geo. L. to sign the bond. It must be admitted that if this can be regarded as notice or information to the other sureties that Peter was not bound, then they are bound, for they could bind themselves regardless of whether he was liable or not, just as they might have bound themselves had they been told that Peter's name was a forgery. It is not claimed, however, that they had such knowledge, only that they ought to have known that such signing was not sufficient, just as the county judge ought to have known it. It seems to us that, relying on the vigilance of the court, the sureties might have presumed and had the right to presume that whatever authority the law required Geo. L. to have in order to bind Peter, had certainly been procured and was in the custody of those having the bond in custody. The judge of the court and not the sureties was taking the bond. In Chamberlain v. Brewer, 3 Bush, 561, it is said of cases where it is the duty of a court or officer to take official bonds: "The name appearing to the bond, it being in the custody of the court or officer who is to take it, he," referring to the surety, "may presume that the signature is genuine, and common prudence

does not require that he should inquire into this." In Fletcher, &c., v. Leight, Barrett & Co., 4 Bush, 309, the court said: "The securities who did sign the bond were under neither a legal nor moral duty to see that all the approved parties had signed it, nor to see that Peterson should execute another bond. They had a right to rely upon the legal discharge of official duty by those whose duty it was to see a proper bond executed, and to dismiss all oversight of it."

Cases have arisen and some of them are relied on by the appellants, where it is said that a surety, knowing of the withdrawal of his co-surety's name, and not objecting to it, should be held liable, because he does not object to it, or because he consents to it. He is held as though he was the only surety, and knew he was such when he signed it. (Bracken County Com'rs v. Daum, 80 Ky., 391.)

We conclude, therefore, that the appellees are not liable on the bond. It is useless to consider other questions raised by the appellees as farther grounds for their release.

The judgment below is affirmed.