CASE 91—PETITION ORDINARY—JANUARY 18.

# Kimball, &c., v. Thurman. &c.

APPEAL FROM LARUE CIRCUIT COURT.

1. IN ORDER TO HOLD A COUNTY JUDGE LIABLE ON HIS BOND FOR TAKING INSUFFICIENT SURETY OR SURETIES ON A GUARDIAN'S BOND, the evidence must be of the most satisfactory character to show that the court was not "satisfied" of the sufficiency of the surety or sureties at the time the bond was accepted. The mere fact that the sureties were not sufficient will not create such a liability, as the evidence heard by the county court may have been such as to "satisfy" it of the sufficiency of the sureties, although they were not in fact sufficient.

2. EVIDENCE AS TO TRANSACTION WITH DECEDENT.—Even though the fact that the surety in the guardian's bond was dead at the time of the trial made it incompetent for the county judge in his tes-

Kimball, &c., v. Thurman, &c.

timony to detail the statements of the surety made upon the inquiry as to his qualifications (a question not decided), still as this testimony was given without objection and the statements were brought out by the plaintiff more in detail upon cross-examination, the plaintiff can not now complain of the admission of the testimony.

S. H. BUSH FOR APPELLANTS.

In taking surety upon a guardian's bond the county judge must act upon proof that would satisfy a man of ordinary judgment of the solvency of the surety, or he must know that the surety is solvent, before he can be relieved. (Gen. Stats., chap. 48, sec. 4; Burdine, &c., v. Pettus, 79 Ky., 240; McIntire v. Gritton, 5 Ky. Law Rep., 686)

J. P. HOBSON ON SAME SIDE.

1. The evidence of G. W. Thurman was not competent. E. D. Brownfield being dead, Thurman could not testify for himself as to anything Brownfield said to him or that took place between them. It is immaterial that Brownfield's estate was not interested. (Cofer v. Gardner, 9 Ky. Law Rep., 196; Hurry v. Kline, 14 Ky. Law Rep., 330; Apperson v. Bank, 10 Ky. Law Rep., 943; Harpending v. Daniel, 80 Ky., 449.)

2. The Superior Court having held on the former appeal that Mrs. Kimball's rights were not affected by what took place between her and her guardian, W. W. Brownfield, after she became of age, the lower court should have excluded the evidence upon that subject, the opinion on the former appeal being the law of the case.

3. The court should not have permitted the defendant Thurman to state that when he took the bond he thought it was good.

4. The jury should have been instructed that a surety on a guardian's bond who has no visible property subject to execution is not sufficient. The standard fixed by the code as to bonds in judicial proceedings should apply to bonds of fiduciaries. (Civil Code, sec. 684.)

J. W. GORE AND I. W. TWYMAN FOR APPELLEE.

It is incumbent upon the county judge to use reasonable diligence to ascertain whether the surety offered upon a guardian's bond is sufficient, but if after such diligence he is satisfied that the surety is sufficient he will not be liable in damages to the

ward for an error of judgment. (Gen. Stats., p. 698, sec. 4; Napper, &c. v. Yeager, &c., 79 Ky., 241; Commonwealth v. Netherland, 87 Ky., 198.)

In this case not only was the county judge satisfied from evidence heard of the sufficiency of the surety, but the surety was in fact solvent and continued so for several years.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

While the appellee, G. W. Thurman, was acting as judge of it, the Larue County Court, by the request of Alice L. Goodin, appointed W. W. Brownfield her guardian. She has since married J. R. Kimball. The court accepted the guardian's bond, with Ed. D. Brownfield as surety.

The guardian and surety failing to pay the ward the balance due her, which amounted to over $1,600, this action was brought against Thurman and his sureties, on the bond which he executed as county judge, to recover damages for his alleged failure to require the guardian to give sufficient surety on his bond.

It is alleged in the petition that when Ed. D. Brownfield was accepted by the court as surety on the bond he was insolvent, which fact the court knew; that the surety did not *satisfy* the court of his sufficiency as surety; that either the judge heard no evidence upon the subject, or that the evidence heard by him was insufficient to have satisfied one of ordinary judgment that the surety was sufficient to protect the ward's estate; that the one or the other of the latter statements was true, but plaintiff could not state which.

This action is under section 4, article 1, chapter 48, General Statutes, which reads as follows: "If the court fails to take such covenant or accept such person or persons for surety as do not satisfy it of their sufficiency, the judge so in default, and his sureties, shall be jointly and severally liable to the ward for any damage he may sustain thereby." (Ky. Stats., sec. 2018.)

Under section 3, article 1, chapter 48, General Statutes, no one can act as guardian until he has given a covenant, with good surety, approved by the court, faithfully to discharge the trust of guardian.  (Ky. Stats., sec. 2017.)

It is manifest that the legislature regarded the act of the county court, in allowing guardians to qualify and in accepting their bonds, to be a judicial one, and declared the judge of the court and sureties were to be held liable if the court accepted such surety or sureties on such bond as did "not *satisfy* it of their sufficiency."

Judges of county courts are not required by the law to be insurers of the solvency of those who become sureties on the bonds of guardians.  The presumption must be and is indulged that ministerial officers do their duty, and much stronger must be the presumption that judicial officers do their duty.  Before holding the judge and his sureties liable for his act in accepting a surety on a guardian's bond, the evidence should be of a most satisfactory character to show that the court was not "satisfied" of his sufficiency. The wisdom of the law which protected judges of courts from liability for their judicial acts was in the minds of the General Assembly which passed the act, and, therefore, it declared the liability only existed when the court was not "satisfied" of the surety's sufficiency when it accepted him.

The proof of the fact the surety was not sufficient when accepted is insufficient evidence that the court was not satisfied of its sufficiency when accepted.  Such proof would not overcome the presumption to which the judge was entitled in an effort to hold him liable in damages for his act. The court may have heard testimony which did fully satisfy him that the surety was sufficient.  It may have been of a character that would have satisfied any one of ordinary judgment of that fact.

On the trial appellant introduced herself and Thomas H. Miller as witnesses, and read the depositions of Jeff Brownfield and W. H. Hamilton, and the strongest effect which could possibly be claimed for it would be that it established the fact that the surety was insufficient when accepted, and that is when we overlook the testimony of Jeff Brownfield, which proves he was worth $10,000 or $12,000 when the bond was accepted, and admits a state of facts which indicate that he, as the guardian of E. D. Brownfield, owed him several thousand dollars when he became the surety on the bond in question.

It is insisted that the court should have peremptorily told the jury to find a verdict for the plaintiff. Instead of instructing the jury to find for plaintiff, the court might, with much more reason, when plaintiff concluded her testimony, have instructed the jury to find for defendant because of the lack of testimony to show that court was not satisfied with the sufficiency of the surety, there being no testimony offered to show that the court did not make such an investigation as to the surety's financial ability, and thus ascertain such a state of facts as would have induced a man of ordinary judgment to have acted as did the court.

The evidence in the case was sufficient to sustain the verdict, notwithstanding the court excluded some evidence from the jury to which defendants were entitled, but it is, from our conclusion in the case, unnecessary to state what it was.

Ed. D. Brownfield was dead when the case was tried. It is insisted the case should be reversed because Thurman testified that before he accepted him as surety on the bond he swore him. The witness then gave the substance of his testimony as to financial ability. This testimony was given without objection. On the cross-examination counsel for

plaintiff had the witness to go into as much, if not more, detail as to the testimony of E. D. Brownfield than the witness had done in his examination in chief.

Without discussing the question as to competency of the witness to detail the statements of the deceased on the inquiry as to his qualifications as surety, it is sufficient to say that appellant, in the cross-examination, had the witness to give the evidence of which complaint is now made. Certainly appellants should not now be heard to complain of their own act which is claimed to be an error.

There were some other questions raised as to competency of evidence, and as to the misconduct of counsel in the argument of the case, but we have examined them and find there are no errors to the prejudice of the appellants which entitle them to a reversal.

The judgment is affirmed.