Commonwealth for, &c., v. Tilton, &c.

---

CASE 38—ACTION ON OFFICIAL BOND OF COUNTY JUDGE FOR TAKING INSUFFICIENT SURETY ON SHERIFF'S COUNTY LEVY BOND—JUNE 18..

## Commonwealth for, &c., v. Tilton, &c.

APPEAL FROM ROBERTSON CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFF APPEALS. AFFIRMED.

OFFICIAL BOND—LIMITATION THEREON—POWER OF COUNTY COURT TO· RELEASE INDEBTEDNESS OF SHERIFF TO COUNTY—LIABILITY OF COUNTY JUDGE ON HIS OFFICIAL BOND FOR TAKING INSUFFICIENT SURETY ON SHERIFF'S BOND FOR COUNTY LEVY.

Held:    1. In an action against a county judge on his official bond for failure to take good security on sheriff's county levy bond, the limitation is fifteen years.
2. Under section 52, Kentucky Constitution, providing "that the General Assembly shall have no power to release or authorize the release, in whole or in part, the indebtedness or liability of any corporation or individual to this Commonwealth, or to any county or municipality thereof," the county court .has no power to release, in whole or in part, the liability of the sheriff or his sureties to the county, and the attempted action to do so was void.
3. As the Legislature has not seen fit to pass any statute imposing a liability upon county judges in taking bonds of sheriffs, or other officials, similar to that required in the case of guardians and wards, they are not liable for taking insufficient surety on a sheriff's county levy bond, as the judge in taking such bond acts judicially and presumably in good faith.

Commonwealth for, &c., v. Tilton, &c.

WINFIELD BUCKLER, FOR APPELLANT.

1. This suit is *on official bond* and the *fifteen* years limitation applies. Sec. 2514 Ky. Stats.; Royce v. Reynolds, 10 Bush, 286.

2. County judge's act, in taking sheriff's bond, is ministerial. Anderson's Law Dict, "Judicial Act," 578; Anderson's Law Dict., "Ministerial Act," 677; Throop on Public Officers, 538, 726; State v. Lafayette Co., 41 Mo., 221; Applegate v. Applegate, 4 Met., 236; Am. & Eng. Ency., vol. 6, 145 (2d ed.); State v. County Court, 44 Mo., 230; Beck v. Jackson, 43 Mo., 117; Oliver v. Martin, 36 Ark., 134; Mechem on Public Officers, secs. 659-660; Day v. Justices of Fleming, 3 B. M., 198; Commonwealth for use, &c., Netherland v. Noe, 87 Ky., 195; Kimball v. Thurman, 98 Ky., 578.

3. The agreement of Linville and Tilton with the county is against public policy. Nunemacher v. City of Louisville, 98 Ky., 337; Lucas v. Allen, 80 Ky., 681; Price's Admr. v. Thompson, &c., 84 Ky., 226, 228; Clark on Contracts, 441; Am. & Eng. Ency., vol. 15 (2d ed.), 947, 948, 971; McCorcle v. Bates, 23 Am. Repts., 761; Covington & Lexington R. R. Co. v. Bowler's Heirs, 9 Bush, 492; Mechem on Public Officers, sec. 359; Mechem on Public Officers, sec. 368; Throop on Public Officers, sec. 66; Noel v. Drake, 28 Kansas, 265; Am. & Eng. Ency. of Law, vol. 9, 908 (1st ed.); Colby v. Sampson, 5 Mass., 310; Denny v. Lincoln, 5 Mass., 385; Pomeroy's Eq. Juris., note 7 to secs. 963-1077; Am. & Eng. Ency., vol. 17-91 (1st ed.); Beech on Contracts, vol. 2, 1417; Am. & Eng. Ency (2d ed.), vol. 15, 1015; Oscanyou v. Winchester R. A. Co., 103 U. S., 261

J. J. OSBORRNE, FOR APPELLEE.

QUESTIONS DISCUSSED.

1. The compromise made by Linville with the fiscal court, or rather with Robertson county was a good accord and satisfaction, and a complete discharge of all liability of his to the county, made upon a good consideration, and was therefore a discharge of any alleged liability of Tilton because of the same matter.

2. A county judge in taking a sheriff's bond acts quasi-judicially, not ministerially merely.

3. The alleged cause of action set up by appellant is barred by the five years statute of limitations.

AUTHORITIES FOR APPELLEE.

Wilson, Receiver, &c., v. Linville, 93 Ky., 254; Wilson, Receiver, &c., v. Linville, 96 Ky., 50; The Com. of Ky. for use of Winfield Buckler, &c., v. Tilton, 20 Rep., 1056 and 1216; Same

v. Tilton, 21 Rep., 1079; Lawson's Rights, Remedies and Practice, vol. 5, sec. 2251; Parsons on Contracts (6th ed.), sec. 687; Am. & Eng. Ency. Law (2d ed.), vol. 1, pp. 415, 418; L. R. A., vol., 15, p. 438 note, 439 note; L. R. A., vol. 20, Smith v. Farra, 116; Fuller v. Kemp, 785, notes; L. R. A., Clayton v. Clark, vol. 37, p. 770; Barbour's Digest, vol. 3, p. 370, syl., 105; Huffaker v. Jones, 13 Rep., 432.

All the above are upon the question of accord and satisfaction and compromise.

On the question that the taking of the levy bond is quasi-judicial, not ministerial merely. Mechém on Public Officers, secs. 636-640, 661; Pepper v. Mayes, 81 Ky., 674; Marksbury v. Beasly, 8 Rep., 534; Morgan v. Dudley, 18 B. Mon., 692.

On question of limitation. Kinnison v. Carpenter, 9 Bush, 599.

KENNEDY & WILLIAMSON, FOR APPELLEE.

## POINTS AND AUTHORITIES.

1. The execution of a certain written obligation on December 10, 1894, by George L. Linville, who was insolvent, with Peter Linville as his surety, which surety was not theretofore bound for any part of said indebtedness whereby they agreed and promised to pay to the fiscal court of Robertson county $2,160, in satisfaction and settlement of all claims and demands which said county had against George L. Linville, and the acceptance of said proposition by the fiscal court, and the subsequent payment of said sum by said Linville was a good accord and satisfaction, and made upon a valuable consideration and discharged the whole of George L. Linville's liability to the county of Robertson. Am. & Eng. Enc. of Law, vol. 1 (2d ed.), pp. 415-418; Chicago, Milwaukee, &c., Railway Co. v. Clarke, 178 U. S., 364; Clayton v. Clarke, 37 L. R. A., 771; Parsons on Contracts (6th ed.), sec. 687.

2. While it is the general rule that the payment of a less sum than the amount due will not discharge the contract, yet this rule is considered with much disfavor and is confined *strictly* to cases within it, and any consideration, however small, will bring the case without the rule.

The consideration may present itself in many different shapes. It may be found in premature payment; in payment in some manner different from that bargained for in the original contract; in the giving of some desired articles in place of money; in the giving of further security, or of additional security, for the reduced amount; in mutuality of concession; in the abandon-

ment of the right to litigate or to appeal. Chicago, Milwaukee, &c., Railway Co. v. Clarke, 178 U. S., 365; Huffaker v. Jones, 13 Ky. Law Rep., 432; Richards v. Davis, 7 Ky. Law Rep., 358; Waller v. Martin, 7 Ky. Law Rep., 587; Pepper v. Aiken. 2 Bush, 252; Letcher v. Bank of Commonwealth, 1 Dana, 84; Bullen v. McGillicuddy, 2 Dana, 92; Jones v. Perkins, 64 Am. Dec., 136; Bull v. Bull, 43 Conn., 462; Jones v. Bullitt, 2 Litt., 49.

3. N. A. Tilton, as county judge, if guilty of any wrong, was guilty of misfeasance, and his liability must be made to rest upon common law principles, and any action against him was barred after the expiration of five years. Kinnison v. Carpenter, 9 Bush, 599; Angell on Limitations, secs. 71, 136.

4. The fiscal court of Robertson county had authority to compromise and settle this claim against George L. Linville. Ky. Stats., sec. 1840.

OPINION OF THE COURT BY JUDGE BURNAM—AFFIRMING.

George L. Linville, as sheriff of Robertson county, defaulted in the payment of the county levy for the year 1890, in the sum of $3,600, and suit was instituted against him and his securities upon his county-levy bond to recover this sum. Peter Linville, whose name was subscribed as one of the securities upon this bond, successfully defended the suit upon the ground that his name had been signed on the bond as surety by another for him, by his verbal authority, and it was held that none of the securities were bound on the obligation. Wilson v. Linville, 96 Ky., 50 (16 R. 340) (27 S. W., 857). After this case was finally disposed of, G. L. Linville, as principal, with Peter Linville as his security, made a written proposition to the fiscal court of Robertson county "to pay $2,000 in cash on or before March 1, 1895, in full satisfaction and settlement of any and all claims or demands that Robertson county might have against G. L. Linville or any other person because of any transaction or claim growing out of any or all county-levy bonds executed or attempted to be executed by the said G. L. Linville as sheriff of Robertson

county." After full discussion and inquiry as to the financial condition of G. L. Linville, this proposition was accepted by the fiscal court, and the money was paid. At this meeting the county judge, Tilton, declined to preside or to participate in the proceedings. After the compromise had been effected, the appellant in this proceeding, who is a resident of Nicholas county, brought this action, in the name of the Commonwealth, for his own use and other taxpayers of Robertson county, against Tilton, the ex-county judge, on his official bond, for having negligently accepted Linville's bond, by which the county of Robertson had lost the sum of $1,600 or $1,800 in taxes which had been collected by the sheriff, and which he failed to pay over to the treasurer. It is also alleged by the appellant that he had made written demand upon each member of the fiscal court of Robertson county to institute the proceeding, and that they had failed and refused to do so. A special demurrer, based upon appellant's capacity to maintain this suit, was sustained in the circuit court, which was reversed by this court, in an opinion reported in 21 Ky. L. R., 1079 (54 S. W., 11). After the return of the case to the lower court, a general demurrer was filed by appellees, which was overruled. Thereupon the defendants filed an answer, in which they rely upon a number of defenses to escape liability. First, they plead that, in accepting the county-levy bond, the defendant, Tilton, acted in a judicial capacity, and is therefore not liable in an action for damages for any error he may have made in the acceptance of such bond. They next plead the action of the fiscal court in accepting the $2,000 from the sheriff and his father as a complete accord and satisfaction of any and all demands which the county may have had, growing out of the execution of the bond in 1890.

Lastly, they plead the five-years' statute of limitations in bar of plaintiff's right to recover. We will consider these defenses inversely.

When the case of Kinnison v. Carpenter, 72 Ky., 600, was decided, the Revised Statutes (chapter on "Guardian and Ward") gave to the ward a right of action against the judge of the county court for his failure to take bond, with good security, from his guardian, but did not require him to execute bond for the faithful discharge of his duties; and that proceeding was instituted under section 2, art. 3, c. 63, of the Revised Statutes, which provides, "An action for an injury to the rights of the plaintiff not arising on the contract and not hereinafter enumerated shall be commenced within five years after the cause of action accrues." And it was held in that case that the cause of action accrued at the time the bond was taken, on the 16th of January, 1860. But after the decision in that case the Legislature required the county judge to give bond for the faithful discharge of his duties, and this action is not under the statute, supra, but on the bond, and the limitation is therefore fifteen years.

The plea of accord and satsfaction based upon the compromise made by the fiscal court with Linville in December, 1894, is also of no avail, under section 52 of the Constitution, which provides "that the General Assembly shall have no power to release, extinguish or authorize the releasing or extinguishing, in whole or in part, the indebtedness or liability of any corporation or individual to this Commonwealth, or to any county or municipality thereof." This provision was in force at the time of this attempted settlement, and the county court had no power to release or authorize the releasing, in whole or in part, of the in-

debtedness of Linville to the county; and, in so far as it attempted to do so, its action was void.

The remaining defense relied on by appellant presents a much more serious question. It is a universal rule of law that a judge, acting within the scope of his judicial authority, is not liable in an action for damages for any action he may take in the proper conduct of the business of his court. This doctrine applies to judges of all grades, and to all persons who act in a judicial capacity, while within the limits of their jurisdiction, even if they should act erroneously. A general exception to this rule is where the judge acts corruptly. See Hollon v. Lilly, 100 Ky., 559 (18 R. 968) 38 S. W., 878); Ayars v. Cox, 10 Bush., 201; Revill v. Pettit, 3 Metc., 314; Morgan v. Dudley, 18 B. Mon., 693 (68 Am. Dec. 735). Another exception has been made by the General Assembly in chapter 61 of the Kentucky Statutes, which treats of the relations of guardian and ward. By that chapter, county courts are given jurisdiction for the appointment and removal of guardians to minors, and the settlement of their accounts; and it is provided by section 2017 that no guardian, except a testamentary one, for nurture and education, can act until he has been appointed by the county court, and given bond, with good security, approved by the court, faithfully to discharge the trust of guardian. And section 2018 provides that, "if the court fails to take such covenant, or accepts such person or persons as surety as do not satisfy it of their sufficiency, the judge so in default and his sureties shall be jointly and severally liable to the ward for any damages he may sustain thereby." And under this section of the statute this court has sustained judgments against county judges upon their official bonds, in favor of the ward, for failing to exercise reasonable care in ascertaining the

solvency of securities upon bonds executed by guardians. Commonwealth v. Netherland's Admr., 87 Ky., 195 (10 R. 123) (8 S. W. 272); Daniels v. Vertrees, 69 Ky., 4. In discussing this section of the statute in Kimball v. Thurman, 98 Ky., 581 (17 R., 1222), (33 S. W., 834), this court said: "It is manifest that the Legislature regarded the act of the county court in allowing guardians to qualify and accepting their bonds to be a judicial one, and declared the judge of the court and his sureties were to be held liable if the court accepted such surety or sureties on such bonds as do not satisfy it of their sufficiency; that the presumption must be, and is, indulged that ministerial officers do their duty, and much stronger must be the presumption that judicial officers do their duty. Before holding the judge and his sureties liable for his act in accepting a surety on a guardian's bond, the evidence should be of the most satisfactory character to show that the court was not 'satisfied' of his sufficiency. The wisdom of the law which protects judges of courts from liability for their judicial acts was in the minds of the General Assembly which passed the act, and therefore it declared the liability only existed when the court was not satisfied of the sufficiency of the sureties accepted by him." In this case it was determined that the county judge, in taking the bond of a guardian, acted in a judicial capacity, and could only be held liable under the statute in a suit by the ward, when he had accepted a security upon the guardian's bond of whose sufficiency he was not satisfied. And "the same reasons of private interest and public policy which operate to render a judicial officer exempt from civil liability for his judicial acts within his jurisdiction apply to the *quasi* judicial officer as well; and it is well settled that the *quasi* judicial officer can not be called upon to respond in damages to

the private individual for the honest exercise of his judg-
ment within his jurisdiction, however erroneous or mis-
guided his judgment may be." Mechem, Pub. Off., sections
638-640. As the General Assembly has not seen fit to pass
any statute imposing a liability upon county judges in
taking bonds of sheriffs or other officials similar to that
required in the case of guardians and wards, their lia-
bility in transactions of this character must be measured
by the general rule in such cases. There is no intimation
in the pleading or proof that the defendant acted corrupt-
ly in taking the bond of Linville; but, on the contrary, it
is shown that he is not a lawyer by profession, and that,
when the bond was tendered to him in open court, he called
upon the county attorney to know whether it was properly
executed, and that he did not accept or approve it until
after he had been assured by the law officer of the county
that it was all right in every respect. We see no reason
why the universal rule which is applicable to all actions
of judicial officers, honestly taken, should be departed
from in this case. Judgment affirmed.

Whole court sitting.

Judge Guffy dissents.

Petition for rehearing by appellant overruled.