## Louisville Car Wheel & Railway Supply Co. v. City of Louisville.

(Decided February 1, 1912.)

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

1. Municipal Ordinance—Exemption of Property From Taxation—Notice—Pleading.—Where one seeks to avail himself of the benefit of. a statute or municipal ordinance, exempting certain property under named conditions from taxation, it is indispensably necessary that in his pleadings he set up a state of facts showing, not only that he has complied with the provisions of the act or ordinance, as to notice, etc., but also that the property in question is of the class defined by the act or ordinance as entitled to the exemption.

2. Same—Assessment of Property—Employe of City Cannot Agree to Postponement.—No employe of a city may make any agreement looking to the postponement of the assessment of property, or take any steps that would tend ultimately to defeat the city in the collection of either its tax or the interest or penalty due thereon, and any such agreement made or action so taken is void.

3. Legislative Act—Penalty—When valid.—A legislative act, imposing a penalty of ten per cent. upon the face of all tax bills remaining unpaid upon a fixed date at least three months after the act takes effect, is not in any sense retroactive in its effect, the tax payer having the interim between the date upon which the act becomes operative and the date upon which the penalty is imposed to pay his tax and avoid the penalty. Where the time given to make such payment is reasonable and the penalty imposed neither oppressive nor confiscatory, the act is valid.

4. When Act is Changed—How Interest and Penalty Calculated.—Where, by legislative act, the law regulating the collection of delinquent taxes is changed, the passage of the new law does not have the effect to deprive the city of the right to such interest and penalties on the delinquent tax bills as had accrued prior to the date upon which the new law becomes effective, but in such case interest and penalties are calculated under the old law to the date upon which the new law takes effect, and thereafter the provisions of the law prevail.

BURNETT, BATSON & CARY for appellant.

JOS. S. LAWTON and CLAYTON B. BLAKEY for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

This litigation is the outgrowth of an effort on the part of the city of Louisville to collect taxes for the years 1909 and 1910 on the property of the Louisville Car Wheel and Railway Supply Company. The defendant, in its answer, pleaded that under section 170 of the Constitution, section 2988 of the Kentucky Statutes, and an ordinance of the city of Louisville, adopted July 29, 1898, it was exempt from the payment of taxes for a period of five years, and particularly for the two years for which the city sought a recovery. A demurrer was filed to this answer and sustained. The company declined to plead further and a judgment was entered in favor of the city for the taxes, interest and certain penalties, authorized by an act of the General Assembly adopted in 1910.

Two questions are raised upon appeal here. First, it is insisted that the trial court erred in sustaining the demurrer to the second paragraph of the answer, which pleaded these exemptions, and second, that the city is not entitled to recover penalties provided by the act of 1910.

The ground upon which the demurrer was sustained by the trial judge is not stated, but presumably it was because appellant's right to this exemption was not sufficiently pleaded. After setting up the provision of the Constitution, the act of the Legislature, and the ordinance of the city, passed for the purpose of carrying out these provisions, the answer alleges, that prior to September 1, 1908, the defendant located its plant on Seventh street in the city of Louisville and commenced to conduct a manufacturing business at said plant, that prior to said date, and after it had established its plant as aforesaid, it filed with the city assessor the statement provided for in the ordinance. But the answer nowhere states that it had not theretofore at some other point in the city of Louisville been engaged in the same character of business. It does not allege that the business in which it was engaged was a new manufacturing business in the city of Louisville, and unless it was a new manufacturing business it was not entitled to the exemption sought. For, as said by this court in Louisville & Nashville R. R. Co. v. City of Louisville, 143 Ky., 258, "The statute evidently contemplates the bringing to the city of Louisville a business that had not

theretofore existed there * * * a new enterprise, a new manufacturing establishment.''

For appellant it is urged that this omission in the answer is cured by the allegation therein that the defendant filed with the city assessor the statement provided for by section three of the ordinance, this allegation being set up in the following language:

''That said manufacturing establishment was a new one and was brought within the city limits since the passage of the act authorizing the exemption and that it was so located or brought within the city in good faith, with the intention of being continued permanently or for a longer period than five years.''

True, the answer does allege that a statement embodying this language was filed with the city assessor. The law requires, before any manufacturing plant in the city shall be entitled to the exemption provided for in the ordinance, that it must file such a statement with the city assessor. The fact that such a statement was filed is merely an evidence that appellant was attempting to avail itself of the provisions of the act giving the exemption. But an allegation in the pleading that a statement containing these facts was filed with the city assessor is not sufficient. It was incumbent upon the pleader to affirmatively allege these facts in the answer, and this defect is not cured by the allegation that a statement embodying these facts was filed with the city assessor. It was incumbent upon the pleader to set up a state of facts which would show that it was entitled to the exemption. One of these facts was that it had filed the required statement with the city assessor. Other facts essential to show that it was entitled to the exemption are omitted. It was incumbent upon the pleader to set out every fact necessary to bring appellant within the provisions of the act in order to entitle it to the benefits thereof, and, having failed to do so, the demurrer was properly sustained.

Upon oral argument, and in brief as well, counsel for appellant insists that it was not fairly dealt with, because of a ''gentleman's agreement'' which its counsel had with the attaches of either the city assessor's office or the city attorney's office. It is not clear that any such agreement was made, but if it was, it was in open violation of section 52 of the Constitution, which provides that ''The General Assembly shall have no power to release, extinguish or authorize the releasing or ex-

tinguishing, in whole or in part, of the indebtedness or liability of any corporation or individual to the Commonwealth, or to any county or municipality thereof.''
In the case of the City of Louisville v. The Louisville Railway Company, 111 Ky., 1, relief from certain taxes was sought, on the ground of a compromise agreement, entered into between the general council of the city of Louisville and the Louisville Railway Co. Upon review here such an agreement was held to be void and unenforceable. See also Commonwealth v. Tilton, 111 Ky., 341.

If neither the General Assembly nor the General Council had power to make such an agreement it is apparent that no officer of the city could do so.

The agreement relied upon in this case is that it was understood either that the assessment was to be postponed or the litigation deferred until a certain suit then pending against the Louisville & Nashville Railroad Co. should be decided. On the authority of the section of the Constitution which we have quoted, as construed and applied by this court in the cases of the City of Louisville v. Louisville Railway Co. and Commonwealth v. Tilton, supra, neither the city assessor nor the city attorney, nor any other employe of the city, had any right or authority to agree to omit from assessment, or to postpone the assessment of the property, or take any step looking toward the ultimate defeat of the city in the collection of either the tax, or the interest or penalty due thereon. Hence, if such an agreement was made and violated, the only just ground of complaint which appellant might have would be that it was put to the expense of the litigation which it purposed to avoid if the suit of the city of Louisville against the Louisville & Nashville Railroad Co., which, it seems, at that time was regarded as similar to the one at bar, went against it.

The real question in the case is the right of the city to recover the interest and penalty. The taxes have been paid. Prior to 1906 the city was only authorized to collect interest on its delinquent taxes at the rate of six per cent. per annum. Because of its inability to enforce the collection of its taxes, relief was sought through a legislative act passed in 1906, which imposed penalties at the rate of one-half per cent. per month for the first twelve months and one per cent. per month thereafter while the taxes remain unpaid.

In Specht v. City of Louisville, 135 Ky., 548, it was insisted that this act was unconstitutional upon two grounds, one of which, material to the case at bar, was that it charged a usurious rate of interest on past due taxes, in violation of the statutes. In upholding the validity of the act, it is there said:

"The interest charge is upon taxes remaining unpaid at a designated date and is in the nature of a penalty for their non-payment and it has frequently been held that it is a matter of legislative discretion as to what penalty shall be imposed by the Legislature for the non-payment of taxes, and this legislative will has never been disturbed or interfered with so long as the penalty has not been fixed at a figure which would be considered unreasonable, unjust or confiscatory."

In principle these cases can not be distinguished, for in that case the act under consideration provided that all tax bills remaining unpaid until after a certain date should bear interest at the rate of one-half per cent. per month for a certain period, and at the end of that designated period should bear interest at the rate of one per cent. per month until paid. In the case at bar the act provides that all tax bills remaining unpaid after a certain date shall be subject to certain interest and penalty charges. The act which this court had under consideration in the case of Specht v. City of Louisville, supra, provided for six per cent. interest the first year and twelve per cent. thereafter. If the taxes were permitted to run for three years the delinquent would have to pay interest and penalties amounting to thirty per cent. The act under consideration provides for six per cent. interest and ten per cent. penalty, so that the interest and penalty under the present act, where the property remained delinquent for three years, would in fact be less than under the former act. For one year it would be more severe than under the former act, and the Legislature evidently made it so for the express purpose of trying to force the property owner to pay the taxes promptly. It certainly can not be said to be confiscatory or unreasonable, and, under the authority of Specht v. City of Louisville, its validity can not be assailed upon this ground.

It is next insisted that the act of 1910 repealed the act of 1906, which imposed interest and penalty at the rate of one-half per cent. per month for the first year and one per cent. per month thereafter, and that, there-

fore, the city is without authority to collect any penalty whatsoever on back taxes. This litigation involves the construction of a part of sections 2998 and 3035 of the act of 1910. The portions of said sections which it is necessary to consider in order to properly determine the questions here involved are as follows:

"All of the tax bills uncollected, in whole or in part, on the first day of May, succeeding the day on which they were listed with the Tax Receiver for collection, shall be due, and thereafter shall bear interest at the rate of one-half (½) of one per cent. (1 per cent.) for every month, or fraction of a month, from said first day of May, until paid, or until the property of the delinquent has been sold for the tax, as hereinafter provided. Upon the first day of July, succeeding the day on which the tax bills were listed with the Tax Receiver for collection, there shall be added to all tax bills then unpaid, a penalty of ten per cent. (10 per cent.) on the face of the bill, which shall be in addition to the interest above provided for."

"All tax bills, for whatever year levied, which shall be owing a city of the first class, on June 30, 1910, and which are then due and unpaid, in whole or in part, whether in suit or not, shall on and after that date, be subject to the provisions of this act, both as to interest and penalties (including the penalty of ten per cent. (10 per cent.) to be added on July first) and as to collection by sale under tax bill or by suit. For the collection of all tax bills not in suit, which are due and unpaid, the Tax Receiver shall in July, 1910, proceed to sale as herein provided."

An emergency clause was added, and the act became a law without the signature of the Governor. The act was passed in March, 1910. Under section 55 of the Constitution, having the emergency clause attached, it would have become operative as soon as signed by the Governor. But he did not sign it. And under section 88 of the Constitution, it was the duty of the Governor to have either signed it, or returned it with his objections to the house in which it originated, within ten days after it had been received by him. As stated, this act became a law without the signature of the Governor, and hence went into effect prior to April, 1910, or three months before the date upon which the penalty attached.

By the passage of this act the Legislature was not attempting to relieve the delinquent taxpayer of any lia-

bility or burden which the law then in force placed upon him. On the contrary, the effort was to increase this burden, so as to coerce the payment of his taxes. When this law became operative all delinquent taxes bore interest from the date of their maturity at the rate of one-half per cent. per month for the first year, and one per cent. per month thereafter. This penalty or interest charges ran from the date of the delinquency of the taxes, undisturbed by the act of 1910, until the act of 1910 became operative, or about April first of that year, and then, under the provisions of the act, there was added on July first to the face of the tax bills a penalty of ten per cent., in addition to the one-half per cent. per month interest charge, and this penalty of ten per cent. on the face of the tax bills applied to all taxes remaining due and unpaid on the first of July, 1910, without regard to the year for which they were assessed, or whether they were then in suit. The penalties and interest charges that had accrued on past due tax bills on the date upon which the act of 1910 became operative were debts due the State from the respective delinquents, and, under section 52 of the Constitution, the Legislature was as much without authority to relieve the delinquent taxpayers of any portion of this interest or penalty as it would have been to relieve them of the tax itself. No fair construction of the act of 1910 justifies the conclusion that the Legislature was attempting to relieve the tax delinquents of the payment of interest and penalties that had accrued up to that time. But, even if it was subject to such an interpretation, it would be inoperative as to any interest and penalty that had accrued prior to the date upon which the act became effective. The most favorable construction, therefore, that can be placed upon the act, is that the interest and penalties must be calculated, under the law then in force, upon all taxes up to the date upon which the act of 1910 became effective. Thereafter the said taxes were subject to an interest charge of one-half of one per cent. per month, and on all such bills as remained unpaid on July first, 1910, a penalty of ten per cent. on the face thereof should be added.

There is no merit in the contention that this bill is retroactive in its effect. Clearly it is not. As stated, it became operative about April 1. 1910, and no additional penalty was added until July 1st, following; so that the delinquent had three months' time after the act became

operative within which to pay his taxes and avoid the imposition of this penalty. Inasmuch as the Legislature has the power to impose a penalty upon delinquent taxpayers, to enable the municipalities to promptly collect their taxes, in order that they may expeditiously run and operate the government, and as, in the exercise of this right, it is given a broad discretion, which will not be interferred with unless it is made clearly to appear that the penalty imposed is unreasonable, unjust or confiscatory, we see no reason for disturbing the finding of the chancellor, that the penalty provided for in the act under consideration is not unreasonable.

Judgment affirmed.