SOL LUIS DESCARTES, TREASURER OF PUERTO RICO, Petitioner, *v.* TAX COURT OF PUERTO RICO, Respondent; SARA AZOPARDO WIDOW OF ORDAZ, Intervener.

No. 229. Argued November 7, 1949.—Decided November 22, 1949.

*Vicente Géigel Polanco, Attorney General,* and *José A. García Malpica, Assistant Attorney General,* for petitioner. *Damián Monserrat, Jr., Gabriel de la Haba* and *Rafael Baragaño, Jr.,* for intervener, plaintiff in the main action.

MR. JUSTICE SNYDER delivered the opinion of the Court.

Section 9 of Act No. 99, Laws of Puerto Rico, 1925, as amended by Act No. 20, Laws of Puerto Rico, 1933, provided for interest at the rate of 1% per month on unpaid inheritance taxes. Section 9 was amended by Act No. 20, Laws of Puerto Rico, 1941, Special Session, reducing such interest to 6% per annum.

In the instant case the inheritance taxes became due in 1936 and 1937 but were not paid until 1947. It is conceded, for purposes of this case, that the Treasurer was entitled to

collect interest thereon at 1% per month from the dates they became due to November 21, 1941, the date of the approval of Act No. 20 reducing such interest to ½ per cent per month. However, the Treasurer contends that even the interest which accrued from November 21, 1941 to 1947 must be paid at the old rate of 1 per cent per month rather than at the new rate of ½ per cent per month which went into effect on November 21, 1941.

The case arose as follows: On September 27, 1936 Isabel Sampayo Saldaña died, leaving as her sole and universal heir her grandson, Manuel Ordaz Azopardo. The latter never paid any inheritance taxes on the properties he inherited from his grandmother. Ordaz died on July 22, 1937, leaving his mother, Sara Azopardo Vda. de Ordaz, the taxpayer herein, as his sole and universal heir. On September 10, 1947 Mrs. Azopardo paid the appropriate inheritance taxes, but contended that no interest was due thereon.

The taxpayer sued in the Tax Court to be relieved of the obligation to pay the interest in question. The Tax Court decided the principal contention against the taxpayer, and the latter has not filed a petition for certiorari. But the Tax Court included in its decision a provision that from November 21, 1941 to September 10, 1947, the date of payment of the taxes, the interest thereon should be calculated at ½ per cent monthly rather than at 1 per cent monthly, by virtue of Act No. 20 of 1941. The case is here on certiorari brought by the Treasurer to review this portion of the decision of the Tax Court.

The Treasurer contends that Act No. 20 of 1941 does not apply because on the dates Mrs. Sampayo and Ordaz died— September 27, 1936 and July 22, 1937, respectively—Act No. 20 of 1941 was not in effect, but rather Act No. 20 of 1933 was in effect, which provided for interest at 1 per cent a month on unpaid inheritance taxes. The Treasurer argues (1) that the statute in force at the time of the death of the

decedent governs as to inheritance taxes and (2) that where a statute is repealed, a general saving statute, such as § 386 of the Political Code, operates to save substantive rights or penalties which have accrued under the repealed statute, *Puerto Rico Ilustrado, Inc.* v. *Buscaglia, Treas.*, 64 P.R.R. 870, 907–10.[1]

██ The Treasurer is correct in asserting that the general rule is that the statute in force at a person's death, and not the statute as subsequently amended, applied for purposes of inheritance taxes. Annotations, 26 A.L.R. 1461, 1480; 66 A.L.R. 404, 414; 109 A.L.R. 858, 876; 114 A.L.R. 518, 521. But that is precisely because the liability for inheritance taxes accrued at death prior to passage of the amendatory statute. On the other hand, the liability herein for interest between November 21, 1941 and September 10, 1947 arose only after November 21, 1941 and after passage of Act No. 20 of 1941. The latter Act therefore applied to this new liability which accrued after its approval.

By the same token, the principle involved in the *Ilustrado* case and § 386 does not apply here. In the first place, this concept relates to a *repealed* statute under which no liability can be incurred in the future and under which the rights and penalties involved had already accrued in the past. In this case, for present purposes, Act No. 20 of 1941 operated merely to modify the previous statute, reducing the interest rate from 1 per cent to ½ per cent monthly. But what is more important, the liability in question—interest from November 21, 1941 to September 10, 1947—had not accrued when the Act of 1941 was approved. On the contrary, the

---

[1] Section 386 reads as follows:

"The repeal of any statute by the Legislative Assembly shall not have the effect to release or extinguish any penalty, forfeiture or liability incurred under such statute, unless the repealing act shall so expressly provide and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture or liability."

liability for such interest was incurred after November 21, 1941. Consequently, § 386 of the Political Code and the *Ilustrado* case, which relate to liabilities accrued prior to passage of the repealing statute, are not applicable here. As this case concerns interest which accrued after November 21, 1941, the statute enacted, on that date, to take effect prospectively, applies here.

We find nothing in the Annotation in 79 A.L.R. 1034, cited by the Treasurer, which supports his position. The cases therein refer for the most part to penalties which accrued prior to the amendatory statute. In fact, the only case in this Annotation which bears on the issue before us apparently supports the position of the taxpayer rather than the Treasurer. *Louisville Car Wheel & Ry. Supply Co. v. City of Louisville*, 142 S. W. 1043, 1046–47 (Ky., 1912).

The Treasurer relies in part on our language in *Buscaglia, Treas. v. Tax Court, Del Toro Rodríguez, Interveners*, 68 P.R.R. 406, 409 reading as follows: "*And that Act* [Act No. 20 of 1933] *would undoubtedly have been the applicable statute* if the events which gave rise to the litigation, ended by our decision of May 28, 1945, 65 P.R.R. 58, had not taken place." (Matter in brackets and italics ours.) This was a dictum which was unnecessary for decision of that case and is now disapproved in the light of the reasoning set forth herein.

So far as we have been able to discover, no attempt has been made to collect at the *old* rate for interest which accrued on unpaid Federal income and inheritance taxes *after* such interest rates were as here reduced, despite the fact that as in Puerto Rico a general saving Federal statute exists. See 10 Mertens, Law of Federal Income Taxation, § 55.02, pp. 5–6; Paul, Federal Estate and Gift Taxation, § 13.37, pp. 748–50.

The decision of the Tax Court will be affirmed.

Mr. Justice Negrón Fernández did not participate herein.