## The Title Guaranty and Surety Company v. Commonwealth, For Use, et al.

(Decided February 9, 1912.)

### Appeal from McCracken Circuit Court.

1. County Clerk—Appropriation of Funds by—Action Against Surety —Defense of Surety—Plea of Accord and Satisfaction—Pleading —Demurrer.—In an action brought by the McCracken County Fiscal Court, to recover of the surety of a former County Court Clerk the amount of certain forged warrants upon the County Treasurer, the proceeds of which he received and converted to his own use, the surety could not upon a plea of accord and satisfaction defeat a recovery by showing, that it had by a previous payment to the Fiscal Court of a large amount of delinquent taxes which the clerk had received for the redemption of real estate sold for taxes and converted to his own use, compromised all demands owing by that officer to McCracken county.

2. Same—Peremptory Instruction—Constitutional Provision.—The trial court did not err in peremptorily instructing the jury to disregard the surety's defense of accord and satisfaction, as the evidence conclusively showed that only the amount of delinquent taxes received and converted by the clerk was paid by the surety in the settlement relied on by the latter, and Section 52, Constitution, forbade the acceptance by the Fiscal Court in settlement of its demands against the clerk, of any amount short of his entire indebtedness to the county.

3. Same—Receipt Given by County Attorney—Mistake—Appellee Entitled to Show Mistake—Evidence.—The receipt given by the County Attorney at the time the delinquent taxes were paid by the surety, being of no greater dignity than a receipt in any ordinary business transaction, appellee was properly allowed to

prove the mistake contained in its recital that all other indebtedness of the clerk to the county was also included in the settlement.

MILLER & MILLER for appellant.

ALBEN W. BARKLEY and S. E. CLAY for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

Hiram Smedley, after several years' service as a deputy in that office, was, in November, 1905, duly elected clerk of the McCracken County Court for a term of four years, beginning with the first Monday in January, 1906. On that day he took the necessary oath and executed the required official bond with the appellant, The Title Guaranty and Surety Company as surety, which bond was approved by the McCracken County Court.

On February 6th, 1909, eleven months before the term for which he had been elected county clerk, expired, Smedley resigned the office. Before his resignation, however, it became known that he was a defaulter, as to moneys received by him as county clerk, to both the Commonwealth and McCracken County. For the moneys received and misappropriated by him, consisting of delinquent taxes, taxes on deeds, mortgages and licenses, W. M. Husbands, agent of the Auditor of Public Accounts, brought suit in the McCracken Circuit Court on his official bond against appellant as surety. Among the claims embraced in this action was one, inaccurately stated as to amount, for delinquent taxes due the county of McCracken, which Smedley had received as county clerk in redemption of property sold for taxes, and wrongfully converted to his own use.

The authority of the Auditor's Agent to sue for or otherwise collect, the delinquent taxes which Smedley had received for the county of McCracken was denied by appellant, but it proposed to the fiscal court of the county that if it would cause to be made a correct statement of the delinquent taxes due the county which Smedley had converted, it would pay same without suit. Thereupon the fiscal court appointed a committee, consisting of the County Judge, County Attorney and a Justice of the Peace of the county, to ascertain what amount of delinquent taxes due the county had been collected and misappropriated by Smedley while holding

the office of County Clerk. The committee promptly performed the duty assigned it and reported to the fiscal court that Smedley had, as County Clerk, collected and failed to account for delinquent taxes due the county of McCracken, aggregating in amount $1,665.78, and that he was entitled to a commission of five per cent on that sum, viz., $83.28, which left him owing the county $1,582.50.

The report of the committee was approved by the fiscal court, and it ordered the county attorney to collect from appellant the $1,582.50 shown by the report to be due the county, and to that officer appellant paid it by check, receiving of him a receipt therefor. Before receiving appellant's check, the County Attorney caused the action brought by the Auditor's Agent, in so far as it sought to recover of appellant the delinquent taxes owing by Smedley to McCracken County, to be dismissed.

At the time appellant paid McCracken County the delinquent taxes collected and converted by Smedley, neither appellant, the County Attorney, nor the fiscal court knew that Smedley was then indebted to McCracken County in any other amount, or on any other account. Shortly afterwards, however, the fiscal court discovered that Smedley had, while holding the office of County Clerk, and during the previous years of his service as deputy county clerk, fraudulently collected from the treasurer of the county upon warrants forged by him and made payable to himself and fictitious persons, many thousand dollars. Upon making this discovery the Fiscal court employed one J. D. Smith, an expert accountant, to go over the records of the County Clerk's office and those of the county treasurer's office, and ascertain how much money Smedley had fraudulently collected of the county upon the forged warrants and in what years such collections were made.

The accountant performed the work required of him and his report thereof made to the county court showed that during Smedley's incumbency of the office of County Clerk, he by means of forged warrants upon the County Treasurer, fraudulently collected of the county and converted to his own use, $6,045.75. In addition to this amount he also collected of the County Treasurer by the same means, while he was a deputy clerk of the McCracken County Court, considerable sums of money for which appellant was not liable as his surety.

Following the report of the accountant, the fiscal court made an order directing the County Attorney to bring suit for the county of McCracken upon Smedley's official bond to recover of appellant, as surety therein, the amount the former, while County Clerk, fraudulently collected of its treasurer. Suit was instituted by the County Attorney as ordered, and on the trial of the action the county recovered a verdict and judgment against appellant for $5,583.45. Of that judgment appellant complains, hence this appeal. ·

Appellant's first contention is that the trial court erred in overruling its demurrer to the petition. In our opinion the petition stated a cause of action.

It alleged the election of Smedley as County Clerk, the execution and approval of his official bond as such, and the undertaking therein of himself and surety, that he would faithfully perform his official duties. Also alleged in detail the forgeries by which he defrauded the county, year by year, during his incumbency of the office of County Clerk, and such other facts as were necessary to fix liability upon appellant as surety. There was also filed with the petition, identified by appropriate averments, a list of the warrants forged by Smedley and checks issued by the County Treasurer in payment thereof. The demurrer to the petition was properly overruled.

Appellant's principal defense was a plea of accord and satisfaction based on the payment of the $1,582.50 it made the fiscal court, through the County Attorney, in settlement of the delinquent taxes which Smedley had collected for the county of McCracken and failed to account for, and it complains that this defense was ignored by the circuit court.

The plea of accord and satisfaction was bottomed on the receipt executed by the County Attorney for the payment it made of the $1,582.50, which erroneously recited, in substance, that this sum was in full settlement of all demands of whatsoever kind owing by Smedley to the county of McCracken. The settlement in question could not be relied on as a bar to the recovery by the county in this action for several manifest reasons. In the first place, the payment made by appellant to the fiscal court only embraced the item of delinquent taxes which Smedley as clerk had collected for the county of McCracken, and as to that item there was no compromise, appellant simply paid all delinquent taxes which

Smedley had received for McCracken County and converted to his own use. It was admitted by the local agent of appellant and its counsel concerned in the settlement, in giving their testimony in this case, and also shown by appellee's evidence that only the amount of the delinquent taxes was then paid by appellant. Indeed, as previously stated, it was not known at the time of that settlement that Smedley, as County Clerk, was indebted to the county of McCracken on any other account, or in any further sum. Moreover, neither the Fiscal court nor the County Attorney had any authority to compromise, release or extinguish, in whole or in part, such indebtedness of Smedley and appellant to McCracken County as was sued for in this action.

Had the Fiscal court or County Attorney by the settlement referred to, attempted to exercise the authority claimed for them by appellant such a settlement, except as to the matter of the delinquent taxes actually paid, would have been void, for section 52 of the Constitution forbade their accepting the $1,582.50 paid, in settlement or compromise of any further or greater amount Smedley owed the county, as it declares:

"The General Assembly shall have no power to release, extinguish, or authorize the releasing or extinguishing, in whole or in part, the indebtedness or liability of any corporation, or individual, to this Commonwealth or to any county or municipality thereof."

We have applied this section of the Constitution in a number of cases. One of these, the case of Commonwealth, By, et al. v. Tilton, et al., 111 Ky., 341, in which there was an attempt on the part of the fiscal court of Robertson County to compromise an indebtedness due the county by a delinquent sheriff. In the opinion it is said:

"The plea of accord and satisfaction based upon the compromise made by the Fiscal court with Linnville in December, 1894, is also of no avail under section 52 of the Constitution which provides, 'That the General Assembly shall have no power to release, extinguish, or authorize the releasing or extinguishing, in whole or in part, the indebtedness or liability of any corporation or individual to this Commonwealth, or to county or municipality thereof.' This provision was in force at the time of this attempted settlement, and the County Court had no power to release or authorize the releasing in whole or in part of the indebtedness of Linnville

to the county; and, in so far as it attempted to do so its action was void.'' Perry County v. Engle, 116 Ky., 594; Crittenden County v. Shanks, 88 Ky., 475; City of Louisville v. City Ry. Co., 111, Ky., 1.

The reply, as amended, pleaded a mistake in the execution of the receipt and no consideration, in so far as it purported to extinguish any liability of Smedley or appellant to the county of McCracken, except the delinquent taxes, for which appellant then gave its check, and the evidence in the case established beyond doubt the mistake alleged. The receipt in question is no more sacred than a receipt executed in any other business transaction, therefore, appellee had the same right to show the mistake in its execution that might have been exercised in any other litigation between creditor and debtor.

Appellant's further contention that the court erred in permitting appellee to file, during the progress of the trial, an amended petition and reply is untenable. It appears to have developed during the trial that some of the warrants upon which Smedley collected money from the county, instead of being absolute forgeries, as charged in the original petition, had simply been raised or increased by him from smaller amounts allowed by the Fiscal court. The purpose of the amended petition was to correct errors appearing in the original petition, show the status of each class of warrants, and thereby distinguish those wholly forged from such as were partially forged. Therefore, the amendment conformed the pleadings to the proof, for which reason it was properly allowed to be filed. The amended reply, in response to the plea of accord and satisfaction contained in appellant's answer, aptly pleaded the mistake in the execution of the receipt which appellant received from the County Attorney, want of authority in the Fiscal court or County Attorney to make the alleged compromise relied on by appellant, and want of consideration as to such parts of the receipt as purported to release appellant from liability for any indebtedness of Smedley to McCracken County, other than the delinquent taxes it paid for him when the receipt was executed. Manifestly, the amended reply was proper, therefore, the trial court did not err in allowing it to be filed.

It is insisted for appellant that the trial court erroneously permitted the expert accountant, Smith, to introduce in evidence a writing or list made by him of the

warrants upon the County Treasurer forged by Smedley and upon which he obtained the county's money. The witness had such a list which he had made from an investigation of the records of the county clerk's and treasurer's office, but as it does not appear from the bill of evidence found in the record, that the writing or list was offered in evidence, or read to the jury, it is not incumbent upon us to say whether it would have been competent. It seems, however, to have been used by the witness for the purpose of refreshing his recollection and such use of it was not improper.

Appellant complains that Smith was permitted to testify as to what the records of the County Clerk's office did, or did not, show, as affecting the matters in litigation. As Smith had previously gone through these records, page by page, in investigating Smedley's defalcations, it appears from the record in this case, that the parties agreed he might testify as to what they showed, in lieu of their custodian, the County Clerk. It must be kept in mind that by far the larger part of Smedley's peculations could not be shown by orders of the county or fiscal court as they were made by means of forged warrants upon the County Treasurer for which no orders of allowance had been made. Therefore, it was competent for Smith, when shown each of the forged warrants, and asked whether there was an order of court allowing it, to testify that there was not, without turning the pages of the order book and reading them in the hearing of the jury to demonstrate the truth of the statement. It was not material that Smith's investigation of the county records had not been made in the presence of the jury, and appellant was not prejudiced by his testimony, in view of the fact that the records were before the jury when he testified, having been introduced and considered read. Appellant could on cross examination have required Smith, in the presence of the jury, to examine the order book page by page, or by having it read to the jury, ascertained whether it contained orders authorizing the issual of the warrants upon which Smedley obtained money of the county.

Appellant also complains that A. W. Barkley, County Attorney, was permitted in testifying, to introduce a statement of figures made by Smedley while clerk, showing amounts of delinquent taxes collected by him for the county, the dates of such collections and by whom the taxes were paid. We are of opinion that the paper

was competent and its use as evidence proper to over-
come appellant's defense of accord and satisfaction, as
it proved that the aggregate amount of delinquent taxes,
$1,582.50, shown by it, was all that was paid the County
Attorney by appellant, and that the payment was only
in satisfaction of the delinquent taxes Smedley had col-
lected for and was owing McCracken County.

Appellant makes the further complaint that as the
settlements of the County Treasurer with the fiscal
court, from which Smith obtained the forged warrants
exhibited to the jury, were not introduced in evidence,
there was not sufficient proof of the county's having paid
the warrants to authorize the submission of the case to
the jury. We can not sustain this contention. Not only
did the County Treasurer identify the warrants in ques-
tion, but he also testified that he as treasurer, paid them
out of funds of McCracken County and supported the
statement by a presentation of the checks with which
the payments were made; so regardless of what Smith
testified in respect to the payment of these warrants, as
shown by the treasurer's settlements, and conceding that
the settlements and accompanying vouchers of the treas-
urer would have furnished primary evidence of the pay-
ment of the warrants, it was also competent to show such
payments by the testimony of the treasurer based, as it
seems to have been, upon his personal recollection, sup-
ported by an exhibition of checks, the warrants, and the
endorsements appearing thereon.

The evidence, as a whole, completely and abundantly
showed that the numerous warrants set forth in the pe-
tition, and itemized list made a part thereof, were all in
the handwriting of Smedley and made out while he was
County Clerk; that the sums specified in these warrants
were never allowed by the county or fiscal court, and
were not owing by the county; that the payees named in
the warrants, with two or three exceptions, were fic-
titious and the names of such fictitious persons, purport-
ing to have been signed on the back of the warrants be-
fore their payment by the County Treasurer, were all
in the handwriting of Smedley.

The evidence also clearly shows that Smedley re-
ceived the money on these warrants, in some instances
directly from the County Treasurer, but in most in-
stances from others whom he would get to cash them,
and they in turn obtained the money upon the warrants

from the treasurer, who got credit for them in his settlements with the fiscal court. It is not material that some of the warrants were made payable to fictitious persons, or that Smedley did not in every instance present them in person to the treasurer and get the money on them. The means thus resorted to by him were the safest he could have adopted for preventing an early detection of his fraudulent acts, and as fully amounted to a fraudulent taking and conversion by him of the county's money, as if he had stolen it from the treasury. These wrongful acts he was enabled to perpetrate, because, as County Clerk, he was charged with the duty of issuing warrants upon the County Treasurer for claims against the county allowed and ordered to be paid by the county and fiscal courts, and his bond was given to secure the county and the public generally against loss resulting from his violation of any of his official duties. His acts complained of, constituted a breach of his official bond for which appellant, as his surety, is liable, and the evidence as to such liability, was sufficient to authorize the submission of the case to the jury, and also to justify the verdict.

Appellant contends that the trial court failed to properly instruct the jury. The single instruction given by the court is as follows:

"The court instructs you as a matter of law that the plaintiff is not bound by the receipt read to you in evidence and the settlement of March 3,1909,in so far as the matters and things involved in this suit are concerned, and further instructs you that if you shall believe from the evidence that at the times complained of by plaintiff, the defendant, Hiram Smedley, while acting as County Clerk of McCracken County, did issue warrants or orders on the treasurer of said county payable to himself or others without the authority of said county, and without an order of either the fiscal court or county court of said county authorizing the issual and payment of such warrants, and did endorse to others and receive the money and proceeds of such warrants or orders, and did convert said money and proceeds of such warrants or orders to his own use, or did change and raise warrants which had been ordered issued by either of said courts, and did receive and convert to his own use so much of said warrants so changed or raised above the amount ordered to be paid on such warrants, if anything, and that the treasurer of said county paid said

warrants, then the law in this case is for the plaintiff and you will find for it such sums of money as you may believe from the evidence in this case was so converted by said defendant, Hiram Smedley, but not exceeding the amount claimed in the petition, to-wit: $6,045.75 (six thousand and forty-five dollars and seventy-five cents), with interest from August 1st, 1909, but your finding can only be against defendant surety company if you shall find anything in favor of plaintiff. But unless you shall so believe from the evidence in this case then the law is for the defendant and you will so find.''

The chief objection urged by appellant's counsel to the above instruction is, that it advised the jury, as a matter of law, appellee, in so far as the matters and things involved in this action are concerned, was not bound by the receipt or settlement of March 3d, 1909. Manifestly, this peremptory feature of the instruction correctly stated the law, for as we have already said, according to all the evidence, neither the fiscal court, nor the County Attorney, had any authority in law to accept from Smedley, or appellant as his surety, in satisfaction of the former's indebtedness to McCracken County, incurred as or while clerk of its county court, any sum short of the full amount of such indebtedness. Moreover, the County Attorney at the time of the alleged settlement had no authority from the fiscal court to receive of appellant any other sum than the amount of delinquent taxes Smedley had as clerk collected, and was owing McCracken County, which was the $1,582.50, then paid by appellant. Finally, the conclusiveness of the evidence as to the foregoing facts left no doubt of the mistake in the receipt.

We are also of opinion that the instruction as a whole gave for the guidance of the jury all the law of the case.

We do not attribute to the statements made in argument to the jury by appellee's counsel, the prejudicial effect claimed for them by counsel for appellant. While some of them were not strictly within the record, they were, as appears from the bill of exceptions, provoked by and responsive to certain statements of appellant's counsel, which were also outside of the record. At any rate the statements complained of were not of such a character as to justify a reversal of the judgment.

As in our opinion there was a fair trial of the case in the circuit court, the judgment is affirmed.