## Catherine J. Sim and W. H. Sim v. Citizens Bank of Carrsville and E. T. Kearsey.
## Same v. Likens and Clemens.
(Decided February 9, 1917.)

## Appeals from Livingston Circuit Court.

1. Fraudulent Conveyances—Conveyance From Husband to Wife—Cancellation.—A deed of conveyance from a husband to his wife was properly cancelled, where it was shown that the husband was heavily in debt at the time of the transfer, and that it was made in an attempt to cheat and defraud his creditors of their claims.

2. Attachment—Insolvency.—An attachment levied upon a tract of land was properly sustained where one of the defendants admitted that he was insolvent, and the other was a non-resident and was shown to be insolvent.

3. Principal and Surety—Notice of Dishonor.—Where a person was principal of a note and had received the benefit of the money procured by same, he was not entitled to notice of non-payment or dishonor as provided by section 3720b, subsection 89, Kentucky Statutes, where the note had not been transferred and remained in the hands of the payee.

C. C. GRASSHAM, BERRY & GRASSHAM and WILSON & WELLS for appellants.

CHARLES FERGUSON for appellees.

Opinion of the Court by Judge Sampson—Affirming.

This litigation arose in the Livingston Circuit Court in July, 1914, when the Citizens Bank of Carrsville instituted an action in that court against E. T. Kearsey and Wm. H. Sim upon two notes, one for $275.00 with interest from March 28th, 1914, and the other for $394.80 with interest from March 3rd, 1914, and another action commenced upon the same day by Albert Likens and Sophia C. Clemens, as plaintiffs, against E. T. Kearsey, and Wm. H. Sim, upon a note dated March 21st, 1908, for $476.68. Afterwards amended petitions were filed in each of the actions, joining Catherine J. Sim as a party defendant, alleging that after the institution of the two actions, the land upon which the attachments sued out in the two cases were levied, had been transferred to Catherine J. Sim, to delay and defraud the creditors of Wm. H. Sim, including the plaintiffs, in the collection of their demands, and seeking a cancellation of the deed from Wm. H. Sim to his wife, Catherine J. Sim, and a subjection of the property to the satisfaction of the plaintiffs' claims. Afterwards these two actions were consolidated and heard together.

The transcript of the record is incomplete. Much of the evidence referred to in the briefs of counsel is not before this court. The defendant, E. T. Kearsey, made no defense in the lower court and is not responsible for this appeal, but it is being prosecuted by Wm. H. Sim and Catherine J. Sim.

The defendant, Wm. H. Sim, defended in the lower court in the action of the Citizens Bank against him and Kearsey, upon the two notes, upon the ground that he did not sign or execute either of the said notes; that is to say, he plead *non est factum* in defense as to the note for $275.00, and also as to the one for $394.80. In the other suit of Likens and Mrs. Clemens against him and Kearsey, Sim admitted he executed the note, but alleged that he was only an accommodation endorser, and the note was commercial paper and upon the footing of a bill of exchange; and that it became due more than five years before the institution of the action, and relies upon sec. 2515, Ky. Stats., which is as follows:

"An action upon a bill of exchange, check, draft, or order, or any endorser thereof, upon a promissory note, placed upon the footing of a bill of exchange shall be

commenced within five years next after the cause of action accrued.''

And further alleging that he received no notice of the non-payment, or dishonor, as required by the negotiable instrument law of Kentucky, section 3720b, Ky. Stats., he asserts that he is discharged from liability. This section is as follows:

''Except as herein otherwise provided, when a negotiable instrument has been dishonored by non-acceptance or non-payment, notice of dishonor must be given to the drawer and to each endorser, and any drawer or endorser to whom such notice is not given is discharged.''

Subsections 102, 103 and 104 of section 3720b, Ky. Stats., providing for and fixing the time when notice shall be given in such cases are also invoked.

The lower court upon a full hearing found against Wm. H. Sim, upon each of the notes, and judgment was accordingly entered against him and Kearsey jointly, upon all three of the notes. Of this he complains, but the chief complaint is made by Wm. H. Sim and Catherine Sim, upon the ground that the lower court erroneously and without sufficient evidence, set aside and cancelled the deed made and executed by Wm. H. Sim and his wife, Catherine C. Sim, for a tract of land containing 188½ acres in the river bottom, in Livingston county, Kentucky. This farm, according to the evidence, is worth from $4,000.00 to $8,000.00. The defendants, Sim and wife, claim that it is worth only about $4,000.00, but the plaintiffs and their witnesses assert it is worth $7,000.00 or $8,000.00. The defendants, Sim and wife, are non-residents of the state, having their home at Golconda, Ill., and have resided there for many years. The defendant, Kearsey, admits that he is insolvent, and upon these grounds—non-residency of Sim and wife and insolvency on the part of Kearsey—the lower court sustained the attachment in each case. It is sufficient to say that the trial court, after hearing all of the evidence and arguments of counsel, having called to his aid his knowledge of the surrounding circumstances in that county, and no doubt having a close acquaintance with the parties and witnesses who testified, arrived at the conclusion that the defendant, Sim, was one of the makers and obligors of each of the notes sued on, and as such, should be required to pay same. In the absence

of a complete transcript of the evidence we are unable to disturb his finding, even if we were inclined so to do. But, upon a careful reading of the evidence contained in the incomplete transcript before us, we are in full accord with the finding of the lower court upon this point. We are likewise of the opinion that the attachment was properly sustained in each case, and that the decree of the chancellor setting aside the deed executed by Wm. H. Sim to his wife, Catherine J. Sim, is based upon sound reason and the principles of equity and right.

Conveyances from husband to wife are always to be regarded with suspicion when the bulk of the estate is transferred by a husband staggering under a burden of debt. In this case Wm. H. Sim was heavily in debt. His creditors were pressing him. This condition had continued for several years, and instead of improving, was becoming more intense each month.

He sold and disposed of some of his personal property located on the farm, in Livingston county, promising to apply the proceeds of the sale to the satisfaction of these particular notes, but when the proceeds were realized, no payment was made on these debts. His chief asset was this farm of 188½ acres. This he conveyed to his wife for a recited consideration of "love and affection and $5.00." It was reasonably worth, according to all of the evidence, $4,000.00 or more, and his debts amounted to more than that sum. He now alleges that the recited consideration of the deed was incorrect. He claims that his wife was to and did pay off and discharge a mortgage of $2,400.00 upon this tract of land, and assumed and agreed to pay certain other indebtedness of his, and that in truth and in fact the actual consideration for the conveyance of the land to his wife was more than $4,000.00. However this may be, the learned chancellor did not agree with this contention and we are not prepared, in the absence of a full transcript of the evidence, to disagree with him. In fact, it does not appear that Mrs. Sim had any money or other separate estate of any consequence, with which to take up or pay off the debts of her husband. Certainly no evidence was introduced that would convince a court that she was able to or did pay $4,000.00, or any other considerable sum. The evidence shows that she received very little from her father's estate, and that she

has enjoyed very little income since her marriage to Wm. H. Sim a few years ago.

The defense of limitation and want of notice of non-payment made by Wm. H. Sim to the note for $476.58 executed to Likens and Clemens is not tenable. It is sufficient to say that while this note, if negotiated before maturity, might have been placed upon the footing of a bill of exchange, but not having been negotiated, and remaining in the hands of the original obligees, and it having been determined that Wm. H. Sim is one of the makers and original obligors of the note, and not merely a surety, he was not entitled to the notice of dishonor or non-payment of the notes, and his defense upon that ground must fail.

Judgment affirmed.