## Fidelity Oil Corporation v. Southern Oil & Pipe Line Company.

(Decided February 13, 1923.)

### Appeal from Lee Circuit Court.

1. Appeal and Error—Exceptions—Finding of Chancellor.—Where in the trial court on the hearing of exceptions to a receiver's report and to certain allowances and claims therein allowed, it appears oral testimony was heard, but the oral testimony is not a part of the transcript in this court, it will be presumed the oral evidence heard was sufficient to warrant the finding of the chancellor on the exceptions.

2. Receivers—Allowance of Fees.—When the appointment of a receiver contemplates and calls for unusual and extraordinary services in conducting the business of a receivership, the provisions of sections 396 and 1740 of the Kentucky Statutes, requiring the filing of certain statements and the allowance of certain fees, have no application. But in such cases it is within the discretion of the chancellor to fix the amount allowable to the receiver for such services.

3. Appeal and Error—Receivers—Allowance of Fees—Discretion.— The discretion of the chancellor in such cases may be reviewed by this court, but where none of the oral evidence heard is before it, we will assume the discretion was properly exercised.

J. J. HANCOCK for appellant.

HURBERT BLAKEY and BLAKEY & BLAKEY for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Affirming.

In April, 1920, appellant, Fidelity Oil Corporation, had a large unpaid purchase money lien upon a certain oil lease it had previously sold to the Southern Oil & Pipe Line Company. It then filed its equitable action seeking the foreclosure of its lien and setting up certain facts making the appointment of a receiver, pending the action, important. Accordingly, shortly after the filing

of the action, upon its motion, such receiver was appointed and took charge of the oil lease in question and the machinery and appliances on the same and proceeded under the order of the court, after placing the lease in proper condition, to operate the same and market the oil produced thereon.

The receivership lasted a little less than one year, and during that period the receiver did considerable work in placing the property in condition for operation, in repairing and placing in proper condition certain of the machinery and appliances which had been permitted by non-use or negligence to get in bad shape, and, as shown by his reports on file and the receipts for the disbursements made by him, within one year converted an apparently abandoned and non-paying oil lease into a producing one notwithstanding the then exceedingly low price of the oil produced.

During the receivership three reports were filed by him; one in October, 1920, one in February, 1921, and one in May, 1921, when the receivership was terminated. Upon the filing of his first report, in October, the receiver filed his affidavit stating he had spent much time, at least an average of four days out of each week, in the business of the receivership and that he had advanced at least one hundred and fifty dollars of his own money in order to get the lease in operation; that he had employed a firm of lawyers to advise and assist him in the management of the affairs of the receivership and had constantly consulted them regarding the same, and asked the court to allow him (the receiver) one hundred and twenty-five dollars per month, and his said attorneys twenty dollars per month, and the court accordingly, at that time, without objection entered an order making him and his attorneys the allowance so sought. At that time not only was there no objection to the allowances so made to the receiver and his attorneys, but no exceptions whatever were filed to the report of the receiver made at the same time. Again, in February, 1921, a report was made by the receiver in which report according to the previous order of the court the receiver allowed himself one hundred and twenty-five dollars per month and his attorneys twenty dollars per month, and no exceptions were filed to that report.

But, upon the filing of the final report in May, 1921, wherein the same things appeared, the plaintiff in the

action for the first time filed exceptions not only to the allowances to the receiver and his attorneys, but to certain other items, and from the action of the court in overruling those exceptions this appeal is prosecuted.

The order of the court overruling the exceptions recites that it considered "All of said exceptions and all of the proof offered by the said parties and the vouchers, receipts offered in evidence and all matters presented by counsel," and from this it is reasonably apparent that upon the hearing in the circuit court on the exceptions oral testimony by both parties was heard. But there is in the transcript on file none of such oral evidence, and this court therefore, on appeal, will presume that the oral evidence heard was sufficient to warrant the finding of the chancellor on the exceptions. Bank v. Richardson, 167 Ky. 771; Sim v. Bank, 173 Ky. 799; Bryant v. Stephens, 175 Ky. 367; Roundtree v. Meadors, 183 Ky. 47.

But it is said by counsel that the receiver did not file in court a written statement under oath of the number of days he acted as is required by section 396 of the Kentucky Statutes; and that in no event, if he had filed such statement, would it have been proper for the court to allow him more than three dollars per day for his services when actually engaged as provided in section 1740 of the Kentucky Statutes. But this contention overlooks the rule that when the appointment of a receiver contemplates and calls for unusual and extraordinary services in conducting the business of the receivership, these provisions of the statute have no application. On the contrary, in such cases, it is peculiarly within the chancellor's discretion to fix the amount properly allowable to a receiver where such unusual or extraordinary services are demanded by the nature of the receivership.

In response to a similar contention in the case of Spears v. Thomas, 24 R. 1154, this court said:

"If the petition (position) of the attorneys for the appellant is correct, then a great railroad might be put in the hands of a receiver of great ability and fitness to perform such service, and still he could only be allowed three dollars per day for his services. The same might be true of an immense manufacturing plant so placed in the hands of a receiver."

The discretion of the chancellor, however, in such cases will be reviewed by this court, and in proper cases will be controlled; but in this case there being none of

the oral evidence heard before us, we will assume that his discretion was properly exercised. Sherley v. Mattingly, 21 R. 289; Bank, Receiver v. Youtsey, Receiver, 26 R. 340.

Judgment affirmed.