## Roberts v. Fiscal Court of McLean County et al.

(Decided June 21, 1932.)

BARNES & SMITH and L. P. TANNER for appellant.

CARY, MILLER & KIRK for appellees.

Opinion of the Court by Judge Clay—Reversing.

C. L. Roberts was sheriff of McLean county for the years 1922, 1923, 1924, and 1925, and settled his accounts with commissioners appointed by the fiscal court. In the year 1925 a dispute arose as to the correctness of the settlements for the years 1922, 1923, and 1924. At the suggestion of Roberts, the fiscal court employed a firm of accountants to audit his books and accounts. The audit was completed in the summer of 1925, and showed a balance due by Roberts of several thousand dollars. On September 8, 1925, the fiscal court entered an order directing that suit be brought against Roberts and his surety to compel him to settle his accounts. On the same day Roberts and representatives of the county, and of the county board of education, reached an agreement which was embodied in the following order entered by the fiscal court:

"Motion by Esquire Nall and seconded by Esquire Moore that a settlement this day made between R. Alexander county attorney, for the McLean County Fiscal Court, Mr. John Dillehay for the schools and Mr. C. L. Roberts and his counsel for himself be and the same is hereby accepted, namely that he pay over to the county treasurer, Mrs. Jennie Franklin, for McLean County for the years 1922, $753.92; for 1923, $71.38; for the year 1924, $82.26; for the rock road fund $1,172.26, and the school board is to refund to Mr. C. L. Roberts, sheriff, $198.77. Yeas: Moore, King, Bohannon, Nall, Johnson. Naes: Cook."

Following the entry of this order Roberts made the payments therein required, and the school board paid to him the sum of $198.77.

Later on a dispute arose as to the correctness of Roberts' settlement of "The Rock Road Fund" for the year 1925; Roberts claiming that in his settlement he had overpaid the county. The dispute was finally ended on September 4, 1928, by the following order made by the fiscal court:

"Motion by Esq. Nall, and seconded by Esq. Johnson, that C. L. Roberts be and he is hereby allowed the sum of $462.24 for overcharge made in settlement by W. A. Taylor, Special Commissioner on

1925 Road Fund, payable out of the Rock Road fund 1928 levy.''

The $462.24 mentioned in the order was paid to and accepted by Roberts.

In the year 1928, Roberts employed an expert accountant who reported that the county was indebted to him in a considerable sum.

On March 8, 1929, Roberts brought this action to surcharge his settlements for the years 1922, 1923, and 1924, and also the Rock Road Fund settlement of 1925, and to recover alleged overpayments aggregating about $5,000. In addition to denying the allegations of the petition and amended petition, the fiscal court of the county pleaded the compromise agreements of September 8, 1925, and September 4, 1928, in bar of his right to recover. Upon completion of the pleadings, the cause was referred to a special commissioner to determine and report whether any binding settlement had been made between the parties, and whether or not McLean county was indebted to Roberts in any sum. After hearing the evidence, the commissioner reported that the compromise agreement of September 8, 1925, was valid, but made no report as to the compromise of September 4, 1928. He further reported that the records kept by Roberts were not in such shape as to enable him to tell whether Roberts or the county was correct, and that in his opinion one or the other of the statements of account filed by the parties would have to be accepted in toto. He also asked for an allowance of $250 for his services. Exceptions to his report were overruled, and the report was confirmed. From the order confirming the report and dismissing Roberts' petition as amended, he appeals. He has also prayed an appeal from the order allowing the commissioner a fee of $250.

Our conclusions on the questions involved are these:

1.  The evidence does not justify the conclusion that the alleged settlements were obtained by fraud or duress.

2.  The requirement that settlements made with a commissioner appointed by the fiscal court shall be filed and approved by the county court applies only to such settlements as are required by sections 4146, Kentucky Statutes, and does not apply to a compromise settlement made by the fiscal court.

3. Section 52 of the Constitution provides:

"The general assembly shall have no power to release, extinguish, or authorize the releasing or extinguishing, in whole or in part, the indebtedness or liability of any corporation or individual to this commonwealth or to any county or municipality thereof."

An examination of the cases construing this section will show that the power to compromise has been denied in every case where the liability of the taxpayer or officer was fixed and certain, but that the court was careful to point out that the Constitution did not forbid the settlement of an unliquidated claim. Thus in City of Louisville v. Louisville Railway Co., 111 Ky. 1, 63 S. W. 14, 23 Ky. Law Rep. 390, 98 Am. St. Rep. 387, a franchise tax was compromised after the franchise had been regularly assessed and the claim had come into the hands of the collecting officers, and the court held that the liability was fixed, and that less could not be accepted in satisfaction thereof. At the same time the court recognized that a municipal corporation had the power to settle disputed claims against it, and quoted from the case of Agnew v. Brall, 124 Ill. 314, 16 N. E. 230, 231, to that effect. In Commonwealth v. Tilton, 111 Ky. 341, 63 S. W. 602, 23 Ky. Law Rep. 753, an admitted liability of the sheriff for $3,600 was compromised for $2,000 because of the doubtful financial condition of the sheriff and his surety. It was held that this could not be done. The same rule was applied in Title Guaranty & Surety Co. v. Commonwealth, 146 Ky. 702, 143 S. W. 401, where there was no dispute as to the amount involved. In the more recent case of Shipp v. Rodes, 219 Ky. 349, 293 S. W. 543, it was held that, pending litigation to recover on claims that are unliquidated and uncertain in amount, such claims may be compromised by the state or any of its political subdivisions at any time before final judgment. Here there was a genuine dispute as to whether appellant owed the county, or the county owed appellant. Even the county officials admitted that the amount found to be due by the expert accountants employed by the county was more than the county was entitled to. In this litigation there has been a constant shifting of the amounts which Mr. Roberts claims that he should recover. In the circumstances we are forced to conclude that the case was one where the amount involved was uncertain and the

claim unliquidated, and we perceive no reason why the parties did not have the right to make the compromise of September 8, 1925, even though no suit was actually pending.

Aside from all this, section 52 of the Constitution merely prohibits the releasing or extinguishing in whole or in part the indebtedness or liability. Roberts does not claim that any part of his indebtedness or his liability to the county was released by the compromise agreement of September 8, 1925. On the contrary, his position is that by that agreement he was required to pay more than he owed. As the section in question does not forbid the acceptance of more than is due it is at once apparent that there is no basis for the contention that the compromise of September 8, 1925, violated that section.

4. While the commissioner correctly held that the compromise of September 8, 1925, was binding, it is evident that he gave the settlement more effect than was intended by the parties. The evidence discloses that the compromise of September 8, 1925, was intended as a settlement of all matters in dispute for the years 1922, 1923, and 1924, and was not intended to cover the year 1925. It follows that the settlement in question did not bar Roberts' right to surcharge for the year 1925.

5. The commissioner did not report as to the effect of the alleged settlement of September 4, 1928, evidenced by the fiscal court order that Roberts was allowed $462.24 overcharge made in settlement by the special commissioner on 1925 road fund. All that the record shows is the entry of the order. The facts leading up to the entry of the order, and the circumstances under which it was entered have not been developed. On its face it does not purport to be a settlement of all matters in dispute for the year 1925, and cannot be given that effect in the absence of the facts. On the return of the case the special commissioner will hear evidence on the question and determine whether or not the settlement of September 4, 1928, was intended by the parties as a complete settlement of all matters in dispute for the year 1925. If so intended, it will bar Roberts' right to surcharge and recover for the year 1925. If not so intended, Roberts may recover for that year if anything be due him. On this question the special commissioner will also hear evidence and report his finding to the court.

6. Whether this is a case where the special commissioner is entitled only to the fees fixed by section 1740, Kentucky Statutes, or a case of unusual and extraordinary services for which an additional allowance may be made, Fidelity Oil Corporation v. Southern Oil & Pipe Line Co., 197 Ky. 676, 247 S. W. 950; Hibbs v. Perkins, 206 Ky. 198, 266 S. W. 1075; cannot now be determined. The statute provides that no allowance in any case shall be made to a commissioner or receiver until he has filed in court a written statement under oath of the number of days he has acted, section 396, Kentucky Statutes, and we have ruled in a number of cases that the affidavit required by the statute must be filed before an allowance may properly be made. Harding's Admr. v. Harding, 132 Ky. 133, 116 S. W. 305; Connecticut Fire Ins. Co. v. Union Mercantile Co., 161 Ky. 718, 171 S. W. 407. Here the special commissioner filed a supplemental report stating in a general way the character of the services which he performed. As the report or statement was not made under oath as required by the statute, it was error to make the allowance. Continental Supply Co. v. Sandy River Oil Co.'s Receiver, 218 Ky. 248, 291 S. W. 49; Nants v. Doherty, 203 Ky. 596, 262 S. W. 979.

On the appeal against the fiscal court of McLean county and others the judgment is reversed; the motion for an appeal against George S. Wilson, Jr., special commissioner, is sustained, and the judgment reversed; and the cause is remanded for proceedings not inconsistent with this opinion.