## Amick's Adm'r et al. v. Hudson et al.

(Decided Nov. 4, 1937.)

STRATTON & STEPHENSON for appellants.
HENRY J. SCOTT for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

The Cavalier Advertising Service, Incorporated, was a corporation engaged in the business of outdoor poster advertising. Several controversies arose between its stockholders, creditors, and officers. A receiver was appointed, and judgment rendered adjusting the rights of the parties. On appeal the judgment was affirmed. Cavalier Advertising Service, Inc., v. Hudson, 262 Ky. 282, 90 S. W. (2d) 28.

On the filing of the mandate in the lower court, W. W. Barrett, the receiver, filed his report. Exceptions to the report were filed and the case set for trial on the exceptions. The receiver filed a sworn response to the exceptions, and the exceptions were overruled. From that order this appeal is prosecuted.

In his report the receiver asked, and the court allowed him, $25 a month for his services and $150 a month for the services of C. P. Hudson, whom he had appointed to carry on the business. These allowances are first attacked on the ground that no statement showing the number of days the receiver acted was filed, as required by section 396, Kentucky Statutes. This is not a case where the receiver sat on certain days and performed merely the usual services incident to his office, but a case where the receiver carried on a particular

business and performed unusual and extraordinary services. Where that is the case, we have universally ruled that the statutes (sections 1740 and 396, Kentucky Statutes), fixing the fees of the receiver at $3 for each day he is actually engaged, and requiring a sworn statement as to the number of days he has acted, do not apply, but his compensation is a matter peculiarly within the chancellor's discretion, which of course is subject to review by this court. Ohio Valley Banking & Trust Company v. King, 238 Ky. 712, 38 S. W. (2d) 663; Fidelity Oil Corporation v. Southern Oil & Pipe Line Company, 197 Ky. 676, 247 S. W. 950. The receivership was before the chancellor for more than two years, and necessarily he knew the character and extent of the services performed by Hudson and the receiver. In the absence of any evidence tending to show that the allowances are excessive, we cannot say that the chancellor erred.

Another ground of attack is that the appointment of Hudson was not approved by the court, as required by section 405, Kentucky Statutes. That section deals only with the power of a commissioner to appoint a deputy or deputies to aid him in the discharge of his regular duties as commissioner, and has no application to the appointment of an agent to assist him in conducting a particular business. The order appointing the receiver authorized and directed him to operate the business if, in his opinion, it could be profitably conducted, and to employ with the approval of the court such help as might be necessary to that end. It is true that the receiver did not ask in advance the court's approval of the appointment of Hudson, and therefore acted at his peril, but we take it that in a case like this the court's approval at any time is sufficient, especially where, as here, the receiver himself could not carry on the work without the assistance of some one experienced in the business.

Another ground of exception is that the receiver did not account for all the boards placed in his custody. It would not be practicable for the receiver to employ persons to guard the boards. His report shows that all the boards in question were either stolen, or destroyed by children, or carried away by floods. There is no evidence to the contrary. The loss of the boards not being due to any negligence on the part of the receiver, it is clear that he cannot be held liable.

Appellants also excepted to the receiver's report on the ground that it was indefinite, uncertain, and in such condition that it was impossible for appellants or their representatives to check up or investigate the irregularity of the various items, and asked the court before ruling on the exceptions to require an itemized statement of all expenditures, to whom paid and the purposes for which they were paid. In response to this exception the receiver filed as a part of his report the books which he kept as a receiver, and alleged that all the items of expenditure and the cause thereof, and to whom paid, were shown by the books on file. When this was done, appellants never filed any reply, or offered any evidence indicating wherein the books were too indefinite or uncertain, or pointing out any item that should have been made more certain. In the absence of such showing, we are not disposed to hold that exceptions so general in character were sufficient to require the receiver to go to the expense of preparing and filing a new set of books or a statement setting forth in minutest detail every transaction incident to the conduct of the business during the receivership.

For the reasons given, we are constrained to the view that the exceptions to the receiver's report were properly overruled.

Judgment affirmed.