### Steele et al. v. Taylor, for Use and Benefit of Laurel County.

(Decided Dec. 14, 1937.)

C. R. LUKER and WM. LEWIS & SON for appellants.

A. T. W. MANNING for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

The commonwealth of Kentucky, suing for the use and benefit of Laurel county, brought suit against W. H. Steele and his sureties to recover certain taxes, which it was alleged Steele had collected as sheriff for the years 1919 and 1920, and for which he had failed to account. On March 22, 1928, judgment was rendered in favor of the commonwealth for the use and benefit of the county in the sum of $8,636,75, with interest thereon from April 6, 1925, until paid, and the costs of the action. The defendants appealed, and the judgment was affirmed on March 5, 1929. Steele et al. v. Commonwealth for Use and Benefit of Laurel County, 233 Ky. 719, 26 S. W. (2d) 747. On May 6, 1930, a rehearing was denied. Thereupon a mandate was issued and filed in the Laurel circuit court. Shortly thereafter an execution was issued on the judgment, and Steele and others, the defendants in the original action, brought suit to enjoin the collection of the execution and to set aside the original judgment and grant them a new trial on the ground of newly discovered evidence,

fraud and mistake in obtaining the judgment, and the further ground that the judgment contained usury. After the pleadings were completed judgment was rendered sustaining a demurrer to the petition as amended, dissolving the restraining order theretofore granted, and dismissing the petition. From this order an appeal was prosecuted. Thereafter a second execution was issued on the original judgment, and the defendants instituted another action to enjoin its collection and grant them a new trial on the ground of newly discovered evidence. On the filing of the answer the temporary restraining order was dissolved, an injunction was denied, and an appeal prosecuted. While these two appeals were pending a settlement was entered into between Steele and his sureties, and the fiscal court of Laurel county, by which Steele paid Laurel county the sum of $10,000 in full settlement of its claim against him and his sureties and the two appeals were dismissed.

About a year later J. J. Taylor, a citizen and taxpayer of Laurel county, suing for himself and all other taxpayers for the use and benefit of that county, brought this suit against Steele and his sureties and the members of the Laurel county fiscal court to set aside the compromise agreement on the ground that it was entered into fraudulently and without authority, and to recover the balance due on the judgment. The defendants filed an answer and amended answer denying the allegations of the petition, and presenting the defense that the settlement was made in good faith and at a time when the amount due the county was in litigation, and therefore uncertain and unliquidated. A demurrer to the answer as amended was sustained, and judgment was rendered in favor of plaintiffs for $3,-706,74, the balance due on the original judgment, with 6 per cent. interest from March 1, 1935, together with the costs of the original action and of this action. The judgment defendants appeal.

It is first insisted that the demurrer to the answer as amended should not have been sustained for the reason that the denial that Taylor was a citizen and taxpayer of Laurel county was sufficient to put him on proof. The allegation of the petition is,

"The plaintiff, J. J. Taylor, states that he is a

resident and taxpayer of Laurel county, Kentucky, residing at London, Kentucky, and has been a resident and taxpayer of said county for more than 15 years last past."

The denial in the answer, which was not filed until about 2 years after the suit was brought, is as follows:

"Deny that the plaintiff, J. J. Taylor, is a taxpayer of Laurel County, Kentucky; deny that he has been a resident and taxpayer of Laurel County, Kentucky, for more than fifteen years last past."

As the denial that Taylor was a taxpayer of Laurel county related merely to the time the answer was filed, which was 2 years after the suit was brought, and the subsequent denial that he had been a resident and taxpayer of Laurel county for more than 15 years last past was in effect an admission that he had been a resident and taxpayer of the county for at least 15 years last past, we conclude that the two denials, considered together, are too inconsistent and evasive to make an issue.

It remains to determine the validity of the compromise. Section 52 of the Constitution provides:

"The general assembly shall have no power to release, extinguish, or authorize the releasing or extinguishing, in whole or in part, the indebtedness or liability of any corporation or individual to this Commonwealth, or to any county or municipality thereof."

As has often been pointed out, this section denies the power to compromise in every case where the liability is fixed and certain, but does not forbid the settlement of an unliquidated claim, or the compromise of pending litigation to recover on claims that are unliquidated and uncertain in amount at any time before final judgment. Roberts v. Fiscal Court of McLean County, 244 Ky. 596, 51 S. W. (2d) 897; Shipp v. Rodes, 219 Ky. 349, 293 S. W. 543. Appellants insist that the pendency of the appeals of their suits to enjoin the executions and set aside the original judgment and grant them a new trial was sufficient to bring the case within the rule concerning the compromise of pending litigation. The suit was to collect for the years 1919

and 1920. It was vigorously contested and it was not until March 22, 1928, that final judgment was rendered. The judgment was affirmed on appeal, and a rehearing denied on May 6, 1930. When it was sought to collect the judgment fixing the amount due the subsequent suits to enjoin its collection and set it aside were brought. These suits were promptly dismissed by the circuit court. As the liability was fixed by the original judgment, which was still in full force and effect, and the two subsequent suits to set aside that judgment were dismissed, we are not disposed to hold that the appeal of the two cases had the effect of rendering the claim unliquidated within the meaning of the rule that pending litigation to recover on claims that are unliquidated and uncertain in amount may be compromised at any time before final judgment. On the contrary, the situation was one where, in the very nature of things, there could not be a genuine dispute as to the amount due the county. It follows that the compromise was void, and constituted no defense to a recovery of the balance due under the judgment, and the court did not err in so holding.

Judgment affirmed.